## CARTER v. ABBOTT.

1. **Warranty: FALSE REPRESENTATIONS.** Representations in the sale of personal property which would be sufficient to constitute a warranty, will not be deprived of that character by the fact that they were false, and fraudulently made.

2. —— Any distinct affirmation of quality made by the seller during the negotiation, which was relied upon by the buyer, and was operative in causing the sale, will amount to a warranty.

*Appeal from Butler Circuit Court.*

WEDNESDAY, FEBRUARY 21.

ACTION on account of false and fraudulent representations, deceit and warranty of defendant in the sale of a cow to plaintiff, the alleged deceit and false representation consisting in "knowingly stating falsely that the cow was coming in the spring." Answer in special denial. Jury trial. Verdict for plaintiff for $15. Motion for new trial overruled. Judgment upon the verdict. Defendant appeals. The necessary facts are stated in the opinion.

*J. R. Fletcher, and Powers & Hemenway* for the appellant.

*G. C. Wright* for the appellee.

DAY, J.—I. Upon the trial the court instructed the jury as follows: "If you find from the evidence that the defendant made false and fraudulent representations in relation to the condition of the cow, as claimed by the plaintiff, and at the time knew them to be false, and that they were made for the purpose of deceiving plaintiff, and that plaintiff

was deceived by them, this would amount to a warranty." Appellant claims that the doctrine of this instruction is good as to false representations but not as to a warranty. The instruction, in our opinion is not vulnerable to the criticism made upon it.

A positive declaration of quality, possessing all the other requisites of a warranty, does not cease to be a warranty because known to be false, and, therefore, a fraud. "Any distinct assertion or affirmation of quality made by the owner during a negotiation for the sale of a chattel, which it may be supposed was intended to cause the sale, and was operative in causing it, will be regarded either as implying or as constituting a warranty. If such affirmation were made in good faith it is still a warranty; and if made with a knowledge of its falsity, it is a warranty, and it is also a fraud." 1 Parsons on Contracts (5th ed.) p. 580. The instruction, though not in the language of the above quotation, contains all of its essential elements, and is equivalent to it in effect.

II. Upon the trial J. H. Carter, the plaintiff testified as follows: "I purchased the cow of the defendant in the fall of 1869; I told him that I wanted a cow that was coming in in the spring. Abbott said that whatever Mr. Goodsell told me about her coming in I could rely upon. As soon as I found Mr. Goodsell I asked him about the cow; he said she was coming in about the first of April following; I purchased the cow and paid $48 for her. The warranty that she was coming in in the spring induced me to purchase. She did not come in in the spring, nor any time during the next summer." * * *

George Knott testified: "Mr. Carter and I selected out the cow which Carter bought. Carter asked Abbott when she would come in; Abbott said in the spring, and that Mr. Goodsell would tell what time, and that we could rely upon that; Mr. Goodsell said she was coming in the first of April following."

Harry Knott testified: "I saw the parties in the cattle yard; Carter asked Abbott what time the cow was coming in; he said in the spring; I heard Goodsell say the cow was coming in about the 1st of April; Carter pointed out the cow; Mr. Abbott said the cow was coming in in the spring, and that Goodsell could tell the time."

Defendant introduced as a witness one Mr. Moore, who testified: "I was at work for Mr. Abbott; was present assisting him at the sale."

Defendant then asked; "Did you have any conversation with Mr. Carter, plaintiff, concerning the cow?"

To this question plaintiff objected as immaterial. The objection was sustained, and defendant excepted.

Defendant then offered to show, by this witness, "that he was agent of the defendant at the time of the purchase, and before the purchase informed the plaintiff that the cow was not with calf, and was not coming in." Plaintiff objected to this as immaterial. The objection was sustained, and defendant excepted. These rulings the defendant assigns as error.

It is to be observed that it was not proposed to show that the agency of Moore extended to, or had any connection with the sale of the cow. For aught that appears he was an entire stranger to that transaction, and his statement entitled to no more consideration than that of any other person. The defendant had referred the plaintiff to Goodsell for information respecting the cow, had assured him that Goodsell knew, and that he could rely upon what he might say. The plaintiff was justified, therefore, in relying upon the positive information received from Goodsell, and was not bound to regard the declaration of a mere stranger to the contrary. Especially is this true in this case, since, from the instructions, the case seems to have been submitted to the jury upon a question of warranty, and not upon that of false and fraudulent representation.                               Affirmed.