### SCHULTZ, ADM'R, v. CREMER.

1. **Practice:** VERDICT: STATUTE CONSTRUED. Under section 2808 of the Code, the jury, in their discretion, may render a general or special verdict; but it is error for the court, against the defendant's objections, to direct the jury to render a special verdict only.

*Appeal from Winneshiek Circuit Court.*

THURSDAY, JULY 13.

ACTION for damages for the alleged wrongful conversion of the property of the estate of plaintiff's intestate. The defendant pleaded a general denial. There was a trial to a jury, and a special but not a general verdict. The court rendered judgment for the plaintiff. The defendant appeals.

Schultz, Adm'r, v. Cremer.

*L. Bullis*, for appellant.

*Brown & Wellington*, for appellee.

ADAMS, J.—The record in this case is somewhat obscure, but we infer from it in connection with what seems to be claimed and conceded by counsel, that the court directed the jury against the objection of the defendant to return only a special verdict.

A jury may in their discretion render a general or special verdict. Code, § 2808. They may also where they render a general verdict be required to render a special verdict in addition. See section above cited. The language is: "In any case in which they (the jury) render a general verdict, they may be required by the court    *    *    *    to find specially upon any particular question of fact to be stated to them in writing." The statute does not authorize the court to require a special verdict, except in addition to a general verdict. The rendition of a special verdict, without a general verdict, is left solely to the discretion of the jury.

The design doubtless was to provide for a case where the jury, after having determined the controlling facts in the case, do not feel fully assured as to the general conclusion which under the law should be drawn from the facts. But it appears to us that every party has a right to a general verdict if he demands it and the jury sees fit to render it. To hold that the court may direct otherwise, would, it appears to us, be adopting a rule for which the statute affords no warrant. It would indeed take from the jury a discretion which the statute expressly confers. Why such discretion is conferred, it is not important to inquire. We can conceive that the legislature considered that it was proper that the jury should, in every case, be allowed to contemplate the general result.

We think that the court erred in directing the jury against the defendant's objection to render a special verdict only.

REVERSED.