BARRETT *v.* NATIONAL BANK OF SHELBYVILLE.

(*Nashville.* February 16th, 1887.)

1. NATIONAL BANKS. *Forfeiture for collecting illegal interest. Who can enforce. " Legal representatives."* ·*Creditor.*

The forfeiture imposed by § 5198 U. S. Rev. Stat., upon National banks, for collection of usurious interest, can be enforced only by the person paying the interest, "or his legal representatives." A creditor of such person is not his "legal representative," within the meaning of this statute, and cannot recover said forfeiture.

Cited: U. S. Rev. Stat., §§ 5197–8.

2. SAME. *Usury not recoverable of.*

Complainant conceded he could not recover of the bank usurious interest paid by his debtor, upon the authority of Hambright *v.* The Bank, 3 Lea, 40, following Bank *v.* Dearing, 1 Otto, 29–37, and overruling Steadman *v.* Redfield, 3 Bax., 337.

---

FROM BEDFORD.

---

Appeal from the Chancery Court of Bedford County. ROBERT CANTRELL, Sp. Ch.

IVIE & IVIE, and THOS. R. MYERS, for Barrett.

COOPER & FRIERSON for Bank.

SNODGRASS, J. The complainant is a creditor of Barret, Landis & Co., whose demand against them had, when the amended bill was filed in this cause, February 7th, 1879, been reduced to judgment.

The object of the bill and amended bill was to subject interest taken by the defendant bank of Barret, Landis & Co. upon the allegation that it was usury. The interest alleged to have been charged covered a period from the — day of 1876 to the — day of 1878, at the rate of 12 per cent. per annum, and amounted to several thousand dollars. It was also alleged that Barret, Landis & Co. were insolvent and had made an assignment for the benefit of creditors, assets assigned amounting only to $10,000 and the debts to $100,000.

The claim of complainants is of the right to recover and appropriate to the satisfaction of his judgment double the amount of interest taken of the debtor by the National bank in violation of the provisions of § 30 of the Banking Act of 1864, under which act the Shelbyville National Bank organized and did business—section now included in the Revised Statutes of the United States, §§ 5197, 5198—and also under State law, to recover the amount of usury so taken in violation of the laws of Tennessee.

The latter claim is not now insisted upon, as in this State, since the filing of the bill in this cause, the question has been settled that no such recovery can be had in the State courts. *Hambright* v. *The Bank*, 3 Lea, 40, overruling *Steadman* v. *Redfield*, 8 Baxter, 337, and following *Bank* v. *Dearing*, 1 Otto, 29–37.

The issue is, therefore, narrowed to a single question—the right of a judgment creditor of an

insolvent debtor to subject the forfeiture provided for in § 5198 to satisfaction of his judgment; and its settlement depends upon the construction of said section of the Revised Statutes of the United States. That section is in the following language:

"The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his *legal representatives*, may recover back, in an action in the nature of an action of debt, twice the amount of interest thus paid from the association taking or receiving the same, provided such action is commenced within two years from the time the usurious transaction occurred. That suits, actions, and proceedings against any association under this title may be had in any circuit, district, or territorial court of the United States held within the district where such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

By the terms of this section the relief granted is confined to the debtor or his *legal representatives*, to be obtained by either only in an action in the nature of an action of debt commenced within

two years from the time the usurious transaction occurred.

It does not, therefore, extend to the creditor of the debtor, as he is in no sense the debtor's legal representative, nor does it give to the creditor an action in equity to subject the forfeiture to the satisfaction of his debt.

The right not being given, it cannot be supplied by intendment. No latitude of construction is permissible of a statute providing a forfeiture as a penalty for its violation and a remedy for recovery. He who seeks to recover the amount forfeited must be the person authorized to sue, and must bring the action provided for. No other can have the redress, nor can it be obtained in any other action.

These are familiar principles, and need no citation. of authority to sustain them.

The direct question as to right of creditor to sue, involved in this cause, has not been before the Supreme Court of the United States so far as we are advised, but the statute in question has been often before that Court in kindred aspects, and in each the plain intimations of the Court have been that it was susceptible only of the construction which we have given it.

The Chancellor dismissed the bill, and the Commission of Referees report in favor of affirmance of his decree.

On exceptions opening the question now discussed, this Court, at its last term, heard the

case, and, speaking through Judge Turney, disapproved the report of the Commission, and reversed the decree of the Chancellor.

The defendant bank petitioned for a rehearing, which was granted, and a reargument ordered at this term. Disagreeing with our predecessors, we are of the opinion that the decree and report were correct. The report is therefore approved, decree affirmed, and the bill dismissed with cost.

Turney, C. J., delivered a dissenting opinion.