## HEFFNER v. BROWNELL.

**Verdict:** SPECIAL ONLY: DIRECTION BY COURT. Every party has a right to a general verdict if he demands it, and the jury sees fit to render it, and it is error for the court to direct a special verdict only, against the objection of one of the parties. (See Code, sec. 2808, and *Schultz v. Cremer*, 59 Iowa, 182.)

*Appeal from Buchanan District Court.*—HON. JOHN J. NEY, Judge.

FILED, OCTOBER 25, 1889.

ACTION upon a promissory note. The answer set up that the note was usurious, and that fifteen dollars of usurious interest was actually paid to the plaintiff. There was a trial by jury, and a verdict and judgment against the plaintiff, and he appeals.

*Woodward & Cook*, for appellant.

*Lake & Harmon*, for appellee.

ROTHROCK, J.—The transaction alleged to be usurious originated with the execution of a promissory note by defendant to plaintiff in the year 1874 for the

sum of three hundred dollars. Payments of interest were made on this note from time to time, and in 1884 a payment of principal was made, and a renewal note in the sum of two hundred dollars was executed. This suit was brought on this last note. The first note drew interest at the rate of ten per cent. per annum. The interest on the note in suit was at the rate of eight per cent. per annum. The usury as claimed by defendant consisted in the alleged payment of fifteen dollars, or five per cent., for one year, at the time the first note was executed; that amount being in excess of the ten per cent. named in the note. It is claimed by counsel for appellant that there was no evidence authorizing a verdict or finding that there was any usury in the transaction. As the judgment must be reversed upon another ground, and as the evidence may not be the same on another trial, we do not think it proper to pass upon the question as to the sufficiency of the evidence.

II. The court in its charge to the jury directed them that no general verdict need be returned, but submitted certain special interrogatories, which, with the answers thereto returned by the jury, were as follows: "(1) How much is due on the note after deducting the payments? _Answer._ ($284.42.) Two hundred and eighty-four dollars and forty-two cents. (2) Do you find that the plaintiff authorized O. Fonda to demand more than ten per-cent. per annum on the debt in his behalf? _A._ Yes. (3) Do you find that the makers of the note, or any of them, paid any usurious interest on the note? If so, to whom? _A._ Yes; to Orville Fonda. (4) Do you find that the plaintiff ever received any usurious interest on the note, knowing it to be such? and, if so, how much? _A._ Yes; fifteen dollars." The plaintiff excepted to the instructions, and assigns the giving of the same as error. A motion for a new trial, in which it was asked that the special findings of the jury be set aside, was overruled, and the court rendered judgment against plaintiff, and in favor of the state for the benefit of the school fund.

in the sum of $237.94. It was held by this court in *Schultz v. Cremer*, 59 Iowa, 182, that every party has a right to a general verdict if he demands it, and the jury sees fit to render it, and that it is error for the court to direct a special verdict only, against the objections of one of the parties. The authority for rendering a special verdict under section 2808 of the Code is left solely in the discretion of the jury. The question presented in the case at bar is precisely the same as that determined in the cited case. Having reached the conclusion that the judgment must be reversed for the error above pointed out, it is unnecessary to determine the appeal of the defendant from the judgment against him in favor of the state for the use of the school fund.

REVERSED.