Shadbolt & Boyd Iron Co. v. Camp.

THE plaintiff and defendant were parties defendant in the case of *Chicago Lumber Co. v. Tibbles Manuf. Co.*, *ante*, p. 369, and were made parties therein, because the holder of mechanics' liens on property involved in that suit. Robertson also filed petitions of intervention, claiming priority of liens. In that suit the lien of Barrack & Son was decreed superior to that of Robertson, and Robertson appeals, entitling the cause on appeal as above.

*Baylies & Baylies*, for appellant.

*Barcroft & Bowen*, for appellees.

---

SHADBOLT & BOYD IRON COMPANY v. CAMP *et al.*

80 539
116 89

Verdict: GENERAL OR SPECIAL : RIGHT OF JURY. Under section 2808 of the Code, it is the right of the jury, "in all actions," to return a general or special verdict, in their discretion, and the rule applies to a garnishment proceeding where an issue is formed triable to a jury ; and it was reversible error in such a case for the court to direct the jury to return special findings only, though, under such findings, no other judgment could have been rendered, and no general verdict could have changed the result. (See opinion for citations.)

*Appeal from Cedar Rapids Superior Court.*—HON. JOHN T. STONEMAN, Judge.

FILED, JUNE 5, 1890.

THE plaintiff is a judgment creditor of the Star Wagon Company of Cedar Rapids, Iowa, and as such garnished the defendant, who appeared and answered; and thereafter the plaintiff filed its pleading controverting such answer, and averring that the garnishee was a debtor of the Star Wagon Company in the sum of ten thousand dollars, and also that he had in his custody property belonging to the wagon company to a large amount, and averring a fraudulent combination between the garnishee and the wagon company to cheat and defraud the creditors of said company, and asking judgment against the garnishee for a sum equal in amount to its judgment against the Star Wagon Company, and an order requiring the garnishee to turn over, for the satisfaction of said judgment, property in his hands. To such pleading the garnishee filed a reply, denying any indebtedness to the Star Wagon Company, or that he had in his possession or control any property rights or credits of the company, and averring that he was a *bona-fide* creditor of the company, and as such held property of the company pledged as security for his claim, and also denying any fraudulent combination or conspiracy to defraud the creditors of the Star Wagon Company. The issues were tried to a jury, who, under the directions of the court, returned special findings, but no general verdict. Upon such special findings, judgment was entered favorable to the garnishee, from which the plaintiff appeals.

*Rickel & Crocker*, for appellant.

*Mills & Keeler*, for appellee.

GRANGER, J.—I. Complaint is made in the case because the court did not allow the jury to return a general verdict. It must be conceded that the discretion of the jury as to a general verdict was practically controlled by the court. A contention of appellee on

this branch of the case is that the law as to a general verdict is not applicable to garnishment proceedings. To our minds, much depends in that respect upon the form or stage of the proceeding. In this case the proceeding was so shaped that an issue was formed for trial to a jury, and the result of the trial was to determine the liability of the garnishee to the plaintiff. If the allegations of the plaintiff's pleadings were true, the plaintiff should recover; if not, the defendant or garnishee. Does the law contemplate a distinction between such an action, tried to a jury, and other actions? There is no civil action in which the facts to control the judgment may not be known by special findings, but it has been held that, in a case with such findings, a court must not interfere with the discretion of the jury to return a general verdict, and that to do so is reversible error. *Schultz v. Cremer*, 59 Iowa, 182. A general verdict is one in which the jury pronounces generally for the plaintiff or for the defendant upon all or upon any of the issues. Code, sec. 2806. "In all actions, the jury, in their discretion, may render a general or special verdict. Code, sec. 2808. The language of the section is, "in all actions." It makes no exceptions. In the case of *Schultz v. Cremer*, *supra*, it is not pretended but that the judgment had support in the special verdict, and, if so, of course no general verdict could change the result (Code, sec. 2809); but, notwithstanding, it was held to be error, and on the theory that "the legislature considered that it was proper that the jury should, in every case, be allowed to contemplate the general result," and the cause was reversed alone for that reason. This view has something of support by way of comment in *Morgan v. Thompson*, 60 Iowa, 280. The writer concedes that the argument of appellee from the standpoints of reason, the utility of the law and a want of prejudice are difficult to answer; but it is no more applicable to this case than to any in which the special verdict is such that it controls the judgment. The plaintiff expressly demanded

that a general verdict be returned, and the court, by its instructions, in effect, denied the jury the' right to do so. The point seems to be settled by adjudication, and the action of the court must be held as error.

II. The pleadings involve a question of fraud. The special findings do not seem to have reference to that branch of the case, and we infer that the court thought the testimony did not warrant its submission. Without commenting on the testimony,—which, perhaps, should be avoided in view of a new trial,—we think the jury should have been allowed to pass upon the *bona fides* of the transaction by which the property passed to the control of the garnishee. The judgment of the superior court is                    REVERSED.