## Bobo *v.* People's National Bank.

### (*Nashville.* March 23, 1893.)

1. NATIONAL BANKS. *Suit against for usuary, barred when.*

    Where a national bank discounts a note and retains usurious interest out of its proceeds, a suit to recover the usury must, under the Federal statute, be brought within two years after the date of actual receipt of the usury by the bank. The "usurious transaction occurred," within the meaning of the Federal statute, at the time the bank retained the usurious interest, and not at the time when the discounted note fell due or judgment was rendered thereon.

    Statute construed: U. S. Rev. Stat., § 5198.

    Cases cited and approved: 46 Am. R., 526; 22 Ohio, 525; 40 Ohio, 629; 13 N. W. R., 63.

2. SAME. *Liability for taking usury.*

    Double the excess over the legal rate, not double the entire interest collected, is the measure of a national bank's liability under the Federal statutes for knowingly collecting usurious interest.

    Statute construed: U. S. Rev. Stat., § 5198.

    Cases cited and approved: 64 N. Y., 212; 72 Penn. St., 209; 104 U. S., 271.

---

### FROM BEDFORD.

---

Appeal from Chancery Court of Bedford County. W. S. BEARDEN, Ch.

J. H. HOLMAN for Bobo.

E. CALDWELL, IVIE & IVIE, and SMITH & DICKINSON for Bank.

WILKES, J. Among other questions presented in this cause, is the proper construction of Sections 5197 and 5198 of the Revised Statutes of the United States relating to national banking associations.

These sections are as follows:

"5197. Any association may take, receive, reserve, and charge on any loan or discount made, or upon any note, bill of exchange, or other evidence of debt, interest at the rate allowed by the laws of the State, territory, or district where the bank is located, and no more, except when, by the laws of any State, a different rate is limited for banks of issue, organized under State laws, the rate so limited shall be allowed for associations organized or existing in any such State under this title. When no rate is fixed by the laws of the State or territory or district, the bank may take, reserve, or charge a rate not exceeding seven per centum, and such interest may be taken in advance, reckoning the days for which the note, bill, or other evidence of debt has to run. And the purchase, discount, or sale of a *bona fide* bill of exchange, payable at another place than the place of such purchase, discount, or sale, at not more than the current rate of exchange for sight-drafts, in addition to the interest, shall not be considered as taking or receiving a greater rate of interest.

"5198. The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which

the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same, provided such action is commenced within two years from the time the usurious transaction occurred.

"That suits, actions, and proceedings against any association under this title may be had in any Circuit, District, or territorial Court of the United States held within the district in which such association may be established, or in any State, county, or municipal Court in the county or city in which said association is located, having jurisdiction in similar cases."

On the eighth of November, 1887, Hutson & Bobo, partners, discounted in the People's National Bank of Shelbyville, their note for $5,000, the bank retaining and reserving $170.85 as discount upon the same.

On December 5, 1887, they discounted in said bank another note for $3,000, the bank retaining and reserving $102.40 as discount upon it.

This bill was filed in the Chancery Court of Bedford County, March 3, 1890, to recover one-half of double the amount of the discount reserved by the bank, upon the ground that the interest or discount reserved was at a rate greater

than allowed by the laws of Tennessee. Hutson, one of the firm, joins in the suit to enable his partner, Bobo, to work out ·his rights, but declines for himself to receive or demand any relief, and hence the contention is for the one-half to which it is claimed Bobo is entitled under the statute. It is conceded that the rate of interest or discount reserved was greater than allowed ·by the laws of Tennessee, and was taken knowingly. It is insisted that the action, as to these items, is barred by the limitation of two years provided in the statute; and that, even as to items reserved afterwards, and within two years, the recovery could be only for double the *excess* of interest reserved over the legal rate, and not for double the *entire* interest reserved.

The Chancellor found against the bank on both these contentions. There are other matters of controversy in the case, but it is not necessary to notice them in this written opinion.

The transactions in these cases are what are known in banking circles as discounts. Discounting notes consists in advancing money upon them, deducting the interest, and receiving, retaining, or reserving the same in advance—that is to say, the notes are made for certain amounts, running a certain time to maturity; the interest or discount is deducted at the time the notes are made from their face, and the net proceeds only are placed to the credit of the borrower.

Under this hypothesis, it is contended that the

interest was reserved and paid at the dates when the notes were discounted; that the "*usurious transaction*" then occurred, and the statute of limitations then began to run.

The language of the statute is, "the action must be brought within two years from the time the 'usurious transaction' occurred."

The question then is presented, When does the "usurious transaction" occur in the case of discounted paper? Is it when the discount is made and the interest is reserved out of the proceeds, or is it when the debts then contracted are paid off and discharged, or final judgment rendered thereon? The authorities upon the question are conflicting.

In the case of *Duncan* v. *The First National Bank*, 11 Bankers' Magazine, 787 (also reported in First National Bank cases, page 360), it is held that the limitation does not begin to run until the principal has been paid or judgment entered for the full amount thereof. The reason assigned for this holding is that it cannot be ascertained, before payment or judgment, whether the interest is usurious or not, as it may have been intended to apply the excess over the legal rate, not as interest, but to the reduction of the principal.

In case of discounted paper, the usury being reserved in advance and retained as interest, this reason will not apply, as the purpose of retaining the excess as interest has not only been mani-

fested, but has already been carried into practical effect.

On the other hand, in the case of *Lynch* v. *Merchants' National Bank*, 46 Am. Rep., 526, it is said: "The two years' limitation begins to run the instant the usurious interest is paid, without regard to the payment of the principal."

To the same effect is the case of *Shinkle* v. *The First National Bank*, 22 Ohio, 525.

In the case of *Monongahela National Bank* v. *Ourholt*, 96 Penn., 329, it is said: "Upon actual payment by the borrower, and receipt of illegal interest by the lender, the right of action accrues, and can be maintained, whether the debt has been paid or not. See also *National Bank* v. *Trimble*, 40 Ohio, 629; *Kinser* v. *Farmers' National Bank*, 13 N. W. Rep., 63.

We are of opinion that the suit in this case, not having been brought within two years from the dates when the notes were discounted, and the usurious interest reserved, the action as to the items so reserved upon the original discounts, is barred by the limitation of two years fixed by the statute.

As to items of interest or discount collected or reserved upon the notes when renewed within the two years, the limitation does not apply, and the action is not barred.

The Chancellor held the contrary of the first proposition, and as to this his decision is reversed, and the two items mentioned will be stricken out.

29—8 p

Again, the contention is that, under the statute, judgment can only be taken for double the excess of interest, and not double the entire interest reserved or paid. Upon this question also the authorities are not agreed.

In the case of *Hinterminster* v. *The First National Bank,* 64 New York Court of Appeals, 212, the action was to recover *twice the amount of interest paid,* but the Court limited the recovery to twice the excess over the legal rate, saying it would be disposed to hold to the contrary but for recent decisions of the United States Courts, but the decisions in point are not cited.

The same principle was held in *Brown* v. *Second National Bank of Erie,* 72 Penn. St., 209.

In the case of *The First National Bank* v. *Johnson,* 104 U. S., 271, in the opinion of the Court appears the following statement:

"Upon these facts, judgment was rendered against the defendant below for $5,470.72; twice the amount of the interest in excess of seven per centum per annum, to reverse which this writ of error is prosecuted. The decree of the Court below was affirmed, but the question now under consideration, though necessarily passed upon, was not argued nor discussed in the opinion, and it seems to have been conceded by counsel and by the Court that the proper measure of damages had been given.

We are of opinion that, upon a fair construction of the language of the statute, the proper

measure of recovery is twice the excess of interest reserved or paid over and above legal interest, and not twice the amount of the entire interest, as. held by the Chancellor; and, upon that holding, his decision is reversed.

The cause will be remanded to the Court below to determine the amount of the usury, and for proper judgment, according to this opinion. The costs of the appeal will be paid by appellee, and the costs of the Court below will be equally divided.

Other questions presented in the record are not necessary to be written upon.