THE NATIONAL HORSE IMPORTING COMPANY, Appellant, v. F. H. NOVAK, et al.

**Damages:** EVIDENCE. Defendant asserted a breach of warranty and claimed damages for the keeping of the warranted stallion. It appears that he arranged with C., who also owned a stallion, that the two should stand together, that joint earnings of both should pay for the keeping of both and that all surplus should be divided. The C. horse earned nearly all that was made, and the keeping of defendant's horse was taken out of the fund earned by the two horses. *Held*, this is the same as though the defendant had paid for the keeping of the horses, though this keeping was paid, largely, by the earnings of the horse not owned by defendant.

**Practice.** It is discretionary with the jury whether it shall return a general verdict, a special one, or both. A special one, finding special damages caused by a breach of warranty, was alone returned. One witness testified that a horse sold for six hundred dollars was worth fifty dollars, another that he was worth nothing. While no direct contradictory evidence was offered, there was evidence as to the age of the horse and the percentage of colts got by him in previous years. *Held*, it was error for the

court, in the absence of a general verdict, to grant general damages for the difference between six hundred dollars and fifty dollars.

Same.   While it may be the duty of the court, on demand, to direct a jury to retire again and return both a general and special verdict, failure so to order is not available where no demand was made and no exception taken on the coming in of the special verdict.

Harmless error.   Where no general verdict for damages is returned, erroneous instructions as to such damages become harmless.

*Appeal from Johnson District Court.*—Hon. S. H. Fairall, Judge.

Friday, October 11, 1895.

Action for judgment on a promissory note. Defense, failure of consideration. Counterclaim for damages. Jury trial. Verdict and judgment for defendant. Plaintiff appeals.—*Reversed.*

*Milton Remley* for appellant.

*Ewing & Bailey* for appellees.

Kinne, J.—I.   This is an action upon the first of a series of three promissory notes, for two hundred dollars each, which were given for the purchase price of a stallion, called "Harvester." The defense is a denial that anything is due; also a counterclaim for a breach of warranty of the horse, in the sum of five hundred and fifty dollars, and the further sum of four hundred and thirty dollars special damages for money expended in advertising and in the care and feed of said horse. The jury, in answer to certain special interrogatories, found that plaintiff warranted the horse to be a sure foal getter and a good breeding horse; that he was not such; that the note sued upon and the two others for a like amount were given for the purchase price of the horse; that defendant has sustained one hundred and fifty dollars special damages. The jury did not return a general

verdict. On June 13, 1893, the defendants' motion for judgment for general damages for five hundred and fifty dollars, and to set aside the amount specially found by the jury, and for a judgment for two hundred and thirty dollars special damages, was overruled, and the court entered a judgment upon said special verdict as found by the jury. Afterward, and on December 14, 1893, the court—on motion of defendants to correct the calendar entry, to show that under the instructions of the court the defendants were entitled to a verdict for five hundred and fifty dollars under the special findings, with interest thereon, and for judgment for one hundred and fifty dollars special damages, with interest thereon, and on a showing that the former motion, so far as rendering judgment for five hundred and fifty dollars general damages, had in fact been sustained, but by a clerical error was entered as overruled—did sustain the motion, and rendered a judgment against the plaintiff for five hundred and seventy-nine dollars and eighteen cents and costs.

II. Witness Casey was asked whether, under the arrangement by which he took "Harvester," defendants paid him any money. An objection to the question was sustained, as incompetent and immaterial. The ruling was proper; and, even if error, it was without prejudice, as later on in the examination the contract under which Casey stood the horse, and all of the facts inquired about, were fully disclosed.

III. Plaintiff complains of the action of the court in overruling his motion to take from the consideration of the jury the question of special damages; also of the acts of the court in refusing to give an instruction asked to the effect that defendants had suffered no loss in the care and keeping of the horse; that they should not consider that question, but return a verdict in favor of

plaintiff upon that issue.  Plaintiff also assigns as error the giving of the tenth and eleventh instructions by the court.  These instructions were to the effect that defendants might recover for expenses that they were put to in advertising, taking care of, standing, and feeding said horse, in case the jury found that there had been a breach of the warranty, and that "it is immaterial whether said F. H. Novak actually paid such alleged expenses, or how he settled them; and the fact that the settlement of such expenses, if any, were connected with the proceeds of the service of another horse in connection with the witness Casey does not affect defendant F. H. Novak's right to recover for such alleged expenses."  All of these assignments of error raise the same question.  After Novak purchased the horse, he entered into a contract with one Casey, the owner of another horse, whereby Casey was to stand both the horses, and out of the earnings of them to pay the expenses, and the profits were to be divided between him and Novak. Under this arrangement, Casey paid Novak from thirty-five to forty-five dollars, for the year 1890, and about the same amounts for the year 1891.  Appellant therefore contends that Novak paid out nothing, and hence is not entitled to recover special damages.  Under the arrangement between Casey and Novak, the former retained one hundred and eighty-five dollars for the keeping of each horse.  In 1890 both horses earned about four hundred and fifty dollars, of which sum Harvester earned only eighty-four dollars, and the other horse three hundred and sixty-six dollars.  It is apparent, then, that a share of this three hundred and sixty-six dollars was required to pay the expenses of standing and keeping Harvester, who failed to get foals enough to pay the expenses of his standing and keeping. This share so used was the money of Novak, and was required to make good Novak's share of the expenses

attending the keeping of Harvester, whose earnings were insufficient for that purpose. Suppose Casey had taken the horse Harvester to stand, and was to receive one hundred and eighty-five dollars per season for his services and the expenses of keeping him, and the horse only earned eighty-four dollars of said sum. In such a case there would be no doubt that Novak would have to pay the other one hundred and one dollars, and if there was a breach of the warranty he might recover the sum so paid of plaintiff. We discover no difference in principle between the supposed case and that before us. In either case Novak would be the loser. In one case he might pay the difference over in cash, while in the other a sum which was earned by the other horse, and which otherwise would be Novak's, was applied in payment of that part of the expense of standing and keeping Harvester which his own earnings failed to meet. The rulings were proper, and the instructions given by the court were in this respect correct.

IV. It is insisted that the instructions touching what will constitute a warranty were defective, in that the court failed to make a proper distinction between words of commendation and a warranty. Certain other clauses of the instructions are complained of. Reading the entire instructions relating to this matter, we think they fully and fairly presented the law as to what is necessary in order to constitute a warranty. Though the wording is somewhat different, yet, in legal effect, the instructions given closely follow those held good in *Carter v. Abbott*, 33 Iowa, 180; and the same rule was recognized and applied in *Figge v. Hill*, 61 Iowa, 430 (16 N. W. Rep. 339). The objections to the instructions in this respect are without merit, and need no further consideration.

V. Error is assigned upon the giving of the instructions relating to damages. The matter complained of in these instructions is—First. That the

court told the jury that as there was "no dispute in the evidence that there was a difference of five hundred and fifty dollars between the actual value of said horse at the time of said sale and what his value would have been if he had been as warranted, you should find as general damages for defendants the amount of such difference, to-wit, five hundred and fifty dollars, with interest thereon at the rate of six per cent. per annum from the date of such sale; provided that you first find that there was a contract of warranty and breach of such contract, as alleged by defendants." Second. That in said instructions the court did not direct the jury to deduct the amount due plaintiff on the note. We need not determine as to whether, in the respects pointed out, there was error. If so, it was without prejudice, as the jury disregarded the instructions as to general damages, and returned no general verdict,—only special findings.

VI. Error is assigned upon the giving of special interrogatories by the court on its own motion. We discover no reason for complaint. While some of the interrogatories might have been worded so as to obviate plaintiff's objection to their form, still they cannot be said to be prejudicial.

VII. It is urged that the court erred in not requiring a general verdict, and in receiving the special verdicts. The jury was directed to return a general, as well as a special, verdict. Section 2808 of the Code provides that "in all actions the jury, in their discretion, may render a general or special verdict." It is said in *Schultz v. Cremer*, 59 Iowa, 183 (13 N. W. Rep. 59): "The rendition of a special verdict without a general verdict is left solely to the discretion of the jury. The design doubtless was to provide for a case where the jury, after having determined the controlling facts in the case, do not feel fully assured as to the general conclusion which under the law should be drawn from

the facts. But it appears to us that every party has the right to a general verdict if he demands it and the jury sees fit to render it." In *Heffner v. Brownell,* 78 Iowa, 648 (43 N. W. Rep. 468), it is said, "The authority for rendering a special verdict under section 2808 of the Code is left solely in the discretion of the jury." If in this case, when the jury returned into court with their special findings, plaintiff had asked that they be required to find and return a general verdict, it may be that it would have been the duty of the court to have again directed the jury to return such a verdict. No such case is here presented, and we are not called upon to decide that question. It being a matter within the discretion of the jury to return a special verdict or findings only, it cannot be said that the court was in error in receiving such special findings in the absence of a general verdict, which he had instructed them to find,—and especially so when no exception was taken at the time the special findings were returned.

VIII. Finally, it is said that the court erred in sustaining the motion to correct the calendar entry, and in rendering judgment against plaintiff for five hundred and seventy-nine dollars and fifteen cents. The only warrant for the rendition of any judgment was the special findings of the jury. These were that the horse was warranted as claimed, that there was a breach of the warranty, and that defendants were entitled to one hundred and fifty dollars as special damages. If, in addition, the jury had found the difference between the actual value of the horse at the time of the sale and what his value would have been if he had been as warranted, then the action of the court might have been warranted. As it was, there was no verdict or finding upon that question; it was a question at issue between the parties. It is true

that one witness testified that his value was fifty dollars, and another that he was worth nothing, and that no direct evidence was offered contradicting such testimony. But there was evidence as to the number of mares the stallion was put to in each year, and the number of foals secured, his age, and previous record. It seems to us it cannot be said, in view of these and other facts, that the court could properly determine, in the absence of a verdict to that effect, that the value of the stallion was fifty dollars, and upon such determination and the special findings enter a judgment based upon general damages which had not been adjudged by the jury and were not admitted by the parties. The special findings were not such that the court could enter any judgment for general damages. To so permit, under such circumstances, would be allowing the court, from the testimony, to determine the general damages and to render a judgment therefor. That question was submitted to the jury. The court would have had no right to have reserved its determination to himself, it being a disputed question of fact; and it seems equally clear that the mere fact that the jury failed to pass upon the question did not invest the court with power to do that which he could not do before submitting the question of fact to them. We are unable to discover any ground upon which the action of the court in assuming the general damages to have been five hundred and fifty dollars for the purpose of entering the judgment can be sustained. For this error the judgment below is *reversed*.