## F. A BOERNER v. TRADERS' NATIONAL BANK.

### Decided February 25, 1897.

**Usury—Penalty.**

Under sec. 5198, Rev. Stats., U. S., one who has paid usurious interest to a National bank can recover, in an action commenced within two years, double the whole amount of interest paid, and is not restricted to a recovery of double the amount paid in excess of the legal rate.

QUESTION CERTIFIED from Court of Civil Appeals, Second District, on writ of error from County Court of Tarrant County.

*Capps & Cantey,* for plaintiff in error.—In a suit against a national bank to recover the penalty provided by U. S. Rev. Stats., art. 5198, for receiving usurious interest, the measure of recovery is double the whole interest received, and not merely the excess above what might have been lawfully contracted for. U. S. Rev. Stats., sections 5197, 5198; 16 Am. & Eng. Encycl. Law, 176 and note 2; Crocker v. Bank, 4 Dill. (U. S.), 358; Bank v. Davis, 8 Biss. (U. S.), 100; Hill v. Bank, 15 Fed. Rep., 432.

*Hogsett & Orrick,* for defendant in error.—Under the law of the United States governing national banks with regard to usurious interest charged, the penalty which could be recovered is only the excess of interest charged over that which could legally be charged. Garza v. Sullivan, 30 S. W. Rep., 240; Bobo v. Bank, 21 S. W. Rep., 889; Hintermister v. Bank, 64 N. Y., 212.

DENMAN, ASSOCIATE JUSTICE.—In this cause the Court of Civil Appeals have certified to this court the following question: "Whether, in a suit against a National bank to recover the penalty provided for in the Federal statute for receiving usurious interest, the measure of recovery is double the whole interest received, or only double the excess above what might have been lawfully contracted for and received?"

Section 5198 of the Revised Statutes of the United States, in reference to National banks, provides: "The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the

association taking or receiving the same; provided such action is commenced within two years from the time the usurious transaction occurred."

In Crocker v. Nat'l Bank, 1 Nat'l Bank Cas., 317, 4 Dill, 358, decided in 1876, Dillon, Circuit Judge, in passing upon this question, said: "The next question is, whether the recovery shall be for double the whole amount of interest paid, or only double the amount in excess of the legal rate, whether that be seven or twelve per cent? Where an illegal rate of interest is charged, and an action is brought on the contract, the statute declares a 'forfeiture of the entire interest,' and if the usurious interest has been paid, the statute gives an action to recover back, not simply the excess over the legal rate, but 'twice the amount of interest thus paid,' that is, paid in pursuance of an usurious contract or transaction. National banks owe a duty to the public to observe the limitations of the Act of Congress in respect of the rate of interest; limitations wisely imposed, but in many of the western States, at least, very frequently disregarded. They have privileges enough, without usurping others. They have powers enough, without exercising those not conferred, or transcending the limits of their charters. They ought not to become usurers; and if they do, public policy is promoted by an enforcement of the penalties which the statute has denounced. It should be borne in mind that the statute confirms the action to the person who has paid the illegal interest, or to his legal representatives, thus showing that it was in part its purpose to repair this loss or reimburse his estate—there being superadded the further purpose of preventing such violations of the law, the infliction of a penalty of twice the amount of interest paid. This penalty was doubtless, supposed by Congress to be no more than would be reasonably sufficient to cover the excess of interest over the legal rate, and costs and expenses of litigation, and at the same time make it more profitable to the banks to obey the law than to violate it. Judgment will be entered for the plaintiff for $2219.92, that being twice the full amount of interest paid on the usurious transactions set out in the petition, not barred." The same ruling was made by Gresham, J., Drummond, Circuit Judge, concurring, in Bank v. Davis, 1 Nat. Bank Cas., 350, decided in 1877, and by Wheeler, J., Second Circuit (Vermont), in Hill v. The Bank, 15 Fed. Rep., 432, decided in 1883. We know of no decision by the Supreme Court of the United States directly in point. In Bank v. Dearing, 91 U. S., 29, decided in 1875, it was held that a State statute avoiding a contract for usury could not affect National banks, the penalties as to them being prescribed solely by the Act of Congress above quoted, in reference to which it was said: "The 46th section of the Banking Act of February, 1863, declared that reserving or taking more than the interest allowed should 'be held and adjudged a forfeiture of the debt or demand.' In the act of 1864" (being the one above set out) "the forfeiture of the debt is omitted, and there is substituted for it the forfeiture of the interest stipulated for, if it had only been reserved, and the

recovery of twice the amount where the interest had been actually paid." This language is made the basis of the opinion of Gresham, J., above cited. In Oates v. First Nat'l Bank, .100 U. S., 239-250, referring to this statute it was said: "It denounces no penalty other than a forfeiture of the interest which the note or bill creates, giving to the debtor the right to sue for and recover twice the amount of interest so paid." While as above indicated, the Supreme Court of the United States has not passed upon this question, nevertheless, in the two opinions just cited, we think the views of that court are clearly stated as being in accordance with those above cited from the judges of the inferior Federal tribunals. Thus it appears that, as far as the question has been decided or foreshadowed, the Federal courts, whose special province it is to determine the true construction of the act of Congress in question, have construed and favor the construction of the statute which permits a recovery of double the whole interest paid. The same construction has been adopted in the following cases: Bank v. Trimble, 40 Ohio St., 629; Bank v. Karmany, 98 Pa. St., 65; Bank v. Bollong (Neb.) 40 N. W. Rep, 413; Bank v. Bollong (Neb.) 45 N. W. Rep., 164; Bank v. Alves (Ky.) 15 S. W. Rep., 132; Wiley v. Starbuck, 44 Ind. 298.

We will now notice the two cases holding a contrary doctrine. In 1872, in Bank v. Lamb, 50 N. Y., 95, it was held that the State statute avoiding the entire contract for usury, was applicable to transactions by National banks. The same doctrine was asserted by that court in Bank v. Dearing, but the cause having been removed by writ of error to the Supreme Court of the United States, it decided, in 1875 (91 U. S., 29), as above indicated, that the statute of New York could not impose upon a National bank a penalty for usury other than that prescribed by the National Banking Act, and therefore reversed the decision of the Court of Appeals of New York, holding the entire contract void,. and held that the bank was entitled to recover the principal of the note sued upon, less the amount of interest unlawfully reserved. In the opinion in this case is found the expression above quoted, indicating the views of the Supreme Court upon the question under discussion as being in accord with those of Judge Dillon. In 1876, in Hintermister v. Bank, 64 N. Y., 212, the Court of Appeals of that State, after referring to the fact that the Supreme Court of the United States, as above indicated, had recently overruled the doctrine of Bank v. Lamb, 50 N. Y., and drawing therefrom the inference that that tribunal would interpret all doubtful language in the National Banking Act favorable to the banks, reluctantly held that, in a suit against a bank to recover the penalty prescribed by the statutes, where usurious interest had been paid, the plaintiff was not entitled to recover double the entire interest paid, but could only recover double the excess of the interest paid over what might have been lawfully charged. In support of its opinion, the court there say, that "the Supreme Court of Pennsylvania have given the same interpretation to the act of Congress in Brown v. Second Nat'l Bank of Erie, 72 Pa. St., 209." We have examined the Pennsylvania

case, and are of opinion that no such question was therein involved, discussed, or decided. The statement of the case shows that the bank sued Brown on certain notes. The defendant, among other propositions, asked the court to declare the law to the jury to the effect that the bank, "having charged and received unlawful interest on money, notes and bills preceding those in suit, it thereby forfeited and became liable to pay * * * double the amount of interest so paid," and that same should be "credited on the notes now in suit." The court below gave the same construction to the statute as given it by Judge Dillon, in the language above quoted, but refused to give the charge requested by defendant, on the ground that his cause of action for the penalty was barred, saying: "For having taken usurious interest on previous loans, the bank might have been sued within two years, and double the amount so received recovered by the party injured. This was not done, and therefore all redress for that infraction of the law is gone. It is enough to say of that claim that it is outlawed." For the refusal of the court to charge the jury that he was entitled to double the unlawful interest as an offset, Brown removed the record to the Supreme Court by writ of error, and, among other things, there assigned such act of the court as error. The Supreme Court affirmed the judgment of the lower court. Thus we see that this case affords no support whatever for the decision of the Court of Appeals of New York. We are confirmed in this by the fact that the Supreme Court of Pennsylvania, in the case above cited from 98 Pa. St., declined to follow said decision of the Court of Appeals, saying that "its reasoning and conclusion are directly at variance with the statute. We adopt the ruling of Dillon, Circuit Judge, that the amount of the recovery is twice the full amount of interest paid, and is not limited to twice the excess of interest paid over the legal rate." In Bobo v. Bank, 21 S. W. Rep., 888, (Tenn.), decided in 1893, said decision of the Court of Appeals of New York was approved and followed, the court making the additional statement that "the same principle was held in Brown v. Bank, 72 Pa. St., 209." It also refers to the case of Bank v. Johnson, 104 U. S., 271, as having necessarily passed upon the question under consideration in favor of the view taken by the Court of Appeals of New York, though they concede it was not argued or discussed. We are of opinion that that case did not directly or indirectly involve the question. The facts were that Johnson, accepting the New York decision as properly construing the statute, brought his suit in the State courts against the bank to recover twice the excess of interest paid beyond the rate allowed by the laws of New York, in a transaction wherein he discounted business paper with the bank, and recovered judgment for twice such excess, which judgment, having been affirmed by the Court of Appeals, the bank removed the cause by writ of error to the Supreme Court of the United States, claiming that the United States statute above quoted did not apply to the case of a National bank's discounting business paper in the State of New York, although the rate of discount

was greater than seven per cent. per annum.   The Supreme Court affirmed the judgment of the Court of Appeals.   Thus it is clear that, since Johnson was not claiming more than twice the excess paid over legal interest, the question as to whether he might have recovered more had he sued for same, could not possibly have been before the court, and, since there is no expression in the opinion indicating that Johnson would not have been entitled to more had he claimed it, it appears that this decision affords no more support for the ruling of the Supreme Court of Tennessee than does the Pennsylvania case, and therefore it must rest solely upon the authority of the New York decision.

We are of opinion that the plain language of the statute permits of no other construction than that placed upon it in the opinion of Judge Dillon, supra, and therefore, in answer to the question propounded, we hold that "the measure of recovery is double the whole interest received."