First National Bank v. Hunter.

FIRST NATIONAL BANK OF MORRISTOWN *v.* HUN-

TER *et als.*

(*Knoxville.* September Term, 1902.)

1. **NATIONAL BANKS—Usury** paid. **No** remedy for, by cross bill.

In an action by a national bank on notes held by it, the defendant can not avail himself, by way of set-off, recoupment or counterclaim, either in defense or by cross bill, of the amount of usury actually paid to complainant bank, even though the notes in suit represent the unpaid remnants of a series of renewals upon which the usury was paid. (*Post*, (*pp.* 93-97.)

Statutes cited: United States Revised Statutes, secs. 5197-5198.

Cases cited: Barnet *v.* Bank, 98 U. S., 55; Driesbach *v.* Bank, 104 U. S., 52; Stephens *v.* Bank, 111 U. S., 197; Haseltine *v.* Bank, 183 U. S., 136; Hambright *v.* Bank, 3 Lea, 40; Barrett *v.* Bank. 85 Tenn., 426.

2. **SAME.** Same. **Remedy for, separate exclusive action.**

For usury paid to a national bank, the remedy provided by, the statute of the United States is exclusive and is a separate action in the nature of debt. (*Post, pp.* 95-97.)

Citing same statutes and cases.

3. **SAME.** Same. **Penalty for—dictum.**

Under section 5198 of the Revised Statutes of the United States, the penalty to be recovered for usury taken and received by a national bank is twice the amount taken and received within two years next preceding the institution of the action therefor. (*Post, p.* 97.)

**4.  SAME.  Same.  Question reserved.**

Because not necessary to a determination of this case, the
court reserved the question as to what court or courts has
jurisdiction to entertain and enforce an action for usury
paid to a national bank.    (*Post, pp.* 97-98.)

**5.  SAME.  Same.  Case in judgment.**

Complainant, a national bank, brought suit in chancery court
on two notes for $300 and $275, respectively, the last of a
series of notes originally for $4,500 and $1,500, respectively,
which had been renewed, discounted and partially paid on
from time to time in the bank for about ten years; defend-
ant answered, denying all liability and filed a cross bill seek-
ing to recover double the amount of usury which had been
charged and paid under the entire series of renewals and
discounts.    The notes in suit bore no interest until after ma-
turity.

HELD, 1st. The complainant bank was entitled to recover the
amount of the notes sued on with legal interest thereon from
the date of their maturity; 2d. Defendant could not, by set
off, defeat complainant's recovery, or, by cross bill, recover
the amount of usury paid to the bank upon the original or
series of renewal notes.    (*Post, pp.* 93-98.)

---

FROM WASHINGTON.

---

Appeal from the Chancery Court of Washington
County.  H. H. CARR, Special Chancellor.

SHIELDS & MOUNTCASTLE and KIRKPATRICK, WIL-
LIAMS & BOWMAN, for the bank.

A. R. JOHNSON and REAVES & REAVES, for Hunter
*et als.*

MR. JUSTICE WILKES delivered the opinion of the Court.*

The original bill in this cause was to recover upon two notes made by defendants. It was brought by the complainant bank, located at Morristown, in Hamblen county, against defendants, in Washington county.

The notes amounted to about $300 and $275 respectively, and are the last of a series of notes originally for $4,500 and $1,500, respectively, which have been renewed and discounted and partially paid on from time to time in the bank for about ten years. There was an answer denying liability, and a cross bill which sought to recover double the amount of usury which had been charged and paid under the entire series of renewals and discounts.

The original complainant filed a plea in abatement that the action to recover the usury could only be brought in the circuit court of Hamblen county, the situs of the complainant bank.

There was a replication to this plea, setting out that the cross action was based upon the same subject-matter as that embraced in the original suit, which complainant had brought in the chancery court of Washington county, and that the matters set up in the cross bill were necessary to be considered in order to reach the justice and merits of the case.

*Mr. Justice Shields, being of counsel, did not sit in this cause.

The plea was sustained, the cross action dismissed, and proper exceptions were taken.

A trial upon the merits was had, and all relief was denied complainant, and its bill was dismissed, and it appealed.

In the court of chancery appeals the decree of the chancellor was virtually sustained, and the cause was referred for an account of the usurious interest paid, which it was declared should be allowed for a period of six years back as a set-off to the action brought. The defendants prayed an appeal from so much of the decree as limited their right of recovery to six years, and the complainant prayed a broad appeal.

For defendants it is insisted that they are entitled to recover all usury paid and charged during the whole series of transactions, extending over about ten years; that the complainant did not rely upon any statute of limitations in its pleadings, and hence could not on the hearing. In this connection it is said that, when there is a series of renewals and discounts, the party sued has the right to a credit for all the usury received during the whole period, and on all the transactions; citing a number of Tennessee cases, which undoubtedly so apply the Tennessee law in defense and on recovery of usury.

For complainant it is insisted that the defendants' right to recovery depends upon the provisions of the acts of Congress relating to usury received by national

banks, and that such banks are liable for usury only in the manner and to the extent provided in such acts, and not in the manner and to the extent provided by the local laws of the State.

We are of opinion this question is settled by the late case of *Haseltine* v. *Bank,* 183 U. S., 135 (22 Sup. Ct., 50; 46 L. Ed., 118). In that case it is said: "Two separate and distinct classes of cases are contemplated by the section of the act" (referring to sections 5197, 5198 of the Revised Statutes of the United States [U. S. Comp. St., 1901, p. 3493]): "First, those wherein usurious interest has been taken, received, reserved or charged, in which case there shall be 'a forfeiture of the entire interest which the note carries with it, or which has been agreed to be paid thereon;' second, in case usurious interest had been paid, the person paying it may recover back twice the amount of interest, 'thus paid from the association taking or receiving the same.'

While the first clause refers to interest taken and received, as well as reserved and charged, the latter part of the clause apparently limits the forfeiture of such interest to such as the evidence of debt carries with it, or which has been agreed to be paid, in contradistinction to the interest actually paid, which is covered by the second clause of the statute. Carrying this perfectly obvious distinction in mind, the cases in this court are perfectly harmonious."

The supreme court of Missouri was correct in holding that defendants could not be allowed set-off or credit for the usury thus paid, the remedy prescribed by the statute being exclusive. *Barnet* v. *Bank,* 98 U. S., 555 (25 L. Ed., 212); *Driesback* v. *Bank,* 104 U. S. 52 (26 L. Ed., 658); *Hambright* v. *Bank,* 3 Lea, 40 (31 Am. Rep., 629); *Barrett* v. *Bank,* 85 Tenn., 426 (3 S. W., 117; 22 Enc. Pl. & Prac., 491).

The notes sued on in this case have been discounted by the bank; that is, the interest to maturity was paid when the notes were taken by the bank. In this way the interest on the notes was paid when they were discounted. *Bobo* v. *Bank,* 92 Tenn., 449 (21 S. W., 888). They carry no interest with them until after maturity.

In the Haseltine case the forfeiture of the interest is limited to such interest as the evidence of debt carries with it, and which has been agreed to be paid, in contradistinction to the interest actually paid, which is covered by the second clause of the statute.

The only right to recover back usury which has been paid is that given by the second section of the act, which is, in substance, that the person by whom it has been paid, or his legal representatives, may recover back in an action of debt twice the amount of the usury they paid, from the association taking or receiving the same, provided such action is commenced within

First National Bank v. Hunter.

two years from the time the usurious transaction occurred.

The usurious transaction occurred when the several notes were discounted, so far as the transaction may be affected by the statute of limitations. *Bobo.* v. *Bank,* 92 Tenn., 457 (21 S. W., 888).

So far as the notes sued on in this case are concerned, they carry no interest with them prior to maturity, and they can not, therefore, be credited or defended against, as to any interest embraced in them, under the first section of the act.

Can the defendants, under their cross bill, recover the usury which they may have heretofore paid upon the series of renewals and discounts out of which the present notes arise, and of which they are the remnants?

We are of opinion they can not, but their remedy is by a separate action, in the nature of an action of debt, under the second section of the act referred to. *Barnet* v. *Bank,* 98 U. S. 555 (25 L. Ed., 212); *Driesbach* v. *Bank,* 104 U. S., 52 (26 L. Ed., 658); *Stephens* v. *Bank,* 111 U. S., 197 (4 Sup. Ct., 336; 28 L. Ed., 399); 22 Enc. Pl. & Prac., 500. The text of the Encyclopædia is as follows: "It is now well settled that in an action by a national bank the defendant can not avail himself, by way of set-off, recoupment, or counterclaim, either of the amount of usury actually paid to the plaintiff, or of the penalty for usury prescribed by section 5198 of the Re-

vised Statutes of the United States [U. S. Comp. St. 1901, p. 3493];" citing a large number of State and federal cases.

Under the statute the recovery will be for twice the amount of usury taken and received by the bank within two years next preceding the date of the action brought. *Bobo* v. *Bank,* 92 Tenn., 451 (21 S. W., 888), and authorities there cited.

As to what courts have jurisdiction to entertain the action, we need not consider, as the present case must fail for the reasons stated.

It results that the decree of the court of chancery appeals must be reversed, and judgment will be given here in favor of the bank for the amount of the two notes sued on, and interest from the date of their maturity, and all costs.