D. M. MEREDITH, *Admr., v.* AMERICAN NATIONAL BANK
OF SPARTA.

*(Nashville.* December Term, 1912.)

1. **STATUTES.** Construction of a federal statute by supreme
court of United States is binding on State courts.

The construction of a federal statute, adopted by the supreme
court of the United States, is binding on the State courts. (*Post,
p.* 92.)

2. **USURY.** Penalty against national banks for receiving usury
is double the whole interest and usury, and not merely double
the usury.

The act of congress (U. S. Rev. St., sec. 5198), providing for a
penalty against national banks exacting usurious interest, au-
thori' s a recovery of twice the amount of the entire interest
paid, and is not limited to twice the sum by which the interest
received exceeded the lawful rate. (*Post, pp.* 91-93.)

Case cited and approved: Bank v. Watt, 184 U. S., 151.

Cases cited and overruled: Bobo v. Bank, 92 Tenn., 444; Bank v.
Hunter, 109 Tenn., 91.

3. **SAME.** Penalty against national banks for exacting and
receiving usury is recoverable at once and before payment of
debt.

The act of congress (U. S. Rev. St., sec. 5198), providing a penalty
against national banks for exacting and receiving usurious inter-
est, is strictly a penalty statute, and the bank incurs the penalty
when it exacts and receives the usury, and suit therefor is not
postponed until the whole debt is paid; for the payment of the
debtor's obligation in full is not a condition precedent to the
institution of a suit for the recovery of the penalty. (*Post, pp.*
93-95.)

Cases cited and approved: Stout v. Bank, 69 Tex., 384; Kinser v.
Bank, 58 Iowa, 728; Bank v. Orchard, 43 Neb., 579; Bank v.
Trimble, 40 Ohio St., 629; Bank v. Karmany, 98 Pa., 65.

Meredith v. Bank.

FROM WHITE.

Writ of Error from the Chancery Court of White County.—A. H. ROBERTS, Chancellor.

ROBINSON & FANCHER, and JARVIS & STORY, for complainant.

J. H. ANDERSON, for defendant.

MR. JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by the administrator of J. L. Dibrell, deceased, to recover from the defendant, a national bank, the penalty provided by the act of congress for the taking of usurious interest by a national banking association.

A demurrer to the bill was interposed in the court below, partially sustained, and the bill amended. A subsequent and amended demurrer was filed, and one ground thereof sustained, and the amended bill dismissed. While the record is in some confusion, the questions which are presented to this court appear to be but two.

The chancellor held that the complainant was only entitled to recover, if anything, double the excess of the interest charged over the legal rate of interest, and he further held, passing upon the amended demurrer, that

complainant was not entitled to any recovery, because the bill failed to show that the debts upon which the usurious interest was exacted had been paid. Complainant excepted to both these rulings, and these are the only questions before us upon this writ of error.

The holding of the chancellor that complainant was entitled to recover only double the excess over the legal rate of interest was based upon the former ruling of this court as announced in *Bobo* v. *People's National Bank,* 92 Tenn., 444, 21 S. W., 888, followed by *First National Bank* v. *Hunter,* 109 Tenn., 91, 70 S. W., 371. Such was the construction of the act of congress by this court.

Since the decision in *Bobo* v. *People's National Bank,* supra, the supreme court of the United States has construed the section of the act of congress (Rev. Stat. U. S. 5198 [U. S. Comp. St. 1901, p. 3493]) providing for a penalty against national banks exacting usurious interest, and that court has held that twice the amount of the entire interest paid, and not twice the sum by which the interest received exceeded the lawful rate, is the measure of recovery from a national bank under this statute. *First National Bank* v. *Watt,* 184 U. S., 151, 22 Sup. Ct., 457, 46 L. Ed., 475.

The construction of a federal statute, adopted by the supreme court of the United States, is binding upon us, and we must overrule the cases of *Bobo* v. *People's National Bank* and *First National Bank* v. *Hunter,* supra, in so far as they are in conflict with *First National Bank* v. *Watt,* supra.

Meredith v. Bank.

The chancellor was therefore in error, in so limiting the amount of complainant's recovery.

Passing upon defendant's demurrer, the chancellor sustained that ground of demurrer to the effect that the bill did not show that complainant's intestate had paid the bank, and for this reason dismissed the bill.

The argument made by the defendant in support of this ground of demurrer is that, if the bank holds obligations against deceased exceeding all the interest paid to it by deceased, the law will apply all payments that have been made, whether intended as interest payments or not, to that portion of the obligation of deceased that is a valid legal charge against his estate.

It is said, even if there had been an intention or purpose on the part of defendant to collect and receive usurious interest, so long as the notes of deceased are unpaid in the bank's hands, there remains a *locus poenitentiae*, and the payments that have been made may be applied to that portion of the obligation that is legal and valid.

Such a result has been reached by some courts in construing usury statutes of the different States, but the act of congress with reference to national banks is strictly a penalty statute, and no court has held that payment of the debtor's obligation in full is a condition precedent to the bringing of a suit for recovery thereunder.

Speaking on this subject the supreme court of Texas said:

"When, however, the parties, as they did in this case, appropriated and intended to appropriate the payment to usurious interest, the *locus poenitentiae* can no longer exist; for the offense has been consummated, the greater rate of interest has been paid, and the right to the penalty is fixed. The interest contracted for being usurious, the act of congress declared it all forfeited, and there was no legal claim for interest on which the payments could have been appropriated." *Stout v. Ennis Nat. Bank,* 69 Tex., 384, 8 S. W., 808.

The supreme court of Iowa observes:

"The usurious transaction must be held to have occurred when the usurious interest sought to be recovered was paid. Where a payment upon the indebtedness has been made under such circumstances that it may fairly be inferred that it was the intention of the debtor to make, and of the creditor to receive, payment upon the interest, we think a right of action must be held to have accrued at once in favor of the debtor for the amount paid and the penalty. We see nothing in the policy of the law which would apply all payments first upon the principal, and postpone the debtor's right of action until he had paid both principal and interest. The debtor needs no such rule for his just protection; and where the fair inference is that the creditor, in receiving the payment, intended by receiving the usurious interest to violate the law, he should not be allowed to escape by insisting upon an application different from what he intended. We think there is nothing in the law that should be held to give the acts of the parties a different

character from that which they bear upon their face." *Kinser* v. *Farmers' Nat. Bank,* 58 Iowa, 728, 13 N. W., 59.

The supreme court of Nebraska says:

"We know of nothing in the act of congress by which any reasonable construction could be held to imply that a party's right of action against a national bank to recover twice the amount of usurious interest paid by the bank for the use of a loan of money made to him by the bank depended on his first paying the principal of the usurious loan, nor have we been cited to or been able to find any decision of any court which so holds." *Exter Nat. Bank* v. *Orchard,* 43 Neb., 579, 61 N. W., 833.

Other cases to the same effect are *National Bank* v. *Trimble,* 40 Ohio St., 629; *Lebanon Nat. Bank* v. *Karmany,* 98 Pa., 65.

The bank incurs the penalty when it exacts the usury The right of action for the penalty accrues when the usury is paid. Suit under this statute is not postponed until the debt is paid, and a bill is not demurrable for failure to aver payment of the principal obligation.

The chancellor, therefore, was in error in sustaining this demurrer, and his decree must be reversed, and the cause remanded for further proceedings. The bank will pay the costs of this court.