## W. C. FRAKER v. H. B. CULLUM, *Receiver, &c.*

1. CASE; *Approved.* The decision in *Fraker v. Cullum*, 21 Kas. 555, reaffirmed.

2. USURIOUS INTEREST PAID, *When not to be Set Off.* A claim under § 5198 of the U. S. Revised Statutes, to recover double the amount of usurious interest paid to a national bank, is not a cause of action founded upon contract, and cannot be set off in an action by the bank upon a note other than that upon which the usurious interest was paid.

### *Error from Sedgwick District Court.*

Two actions brought by *H. B. Cullum*, as receiver of the First national bank, of Wichita, against *W. C. Fraker*, upon certain promissory notes executed by the defendant to J. C. Fraker, who indorsed and delivered them to the bank aforesaid. In one action judgment was asked for $2,291.06, the amount of three notes sued on, with interest, etc.; and in the other action judgment was demanded for $750, with interest, etc., upon one note sued upon. Among other defenses, the defendant alleged that he had paid to the bank usurious interest on notes other than those sued upon, and claimed the right to set off and recover in these actions double such interest paid by him. Trial at the December Term, 1879, of the district

court, and judgment for the plaintiff in both cases. The defendant brings the cases to this court.

*H. G. Ruggles*, and *O. H. Bentley*, for plaintiff in error.

*Sluss & Hatton*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: These two cases have been in this court before, and the decision will be found in 21 Kas. 555. So far as the questions then presented are concerned, that decision disposes of them, and compels a reversal of these judgments.

Two other matters are presented: First, the defendant, plaintiff in error, alleges that he paid usurious interest to the bank on notes other than those sued on, and claims the right to set off and recover double such interest in this action. The national banking law, after providing that national banks may take the interest allowed by the laws of the state in which they are located, contains this provision (§ 5198, U. S. Rev. Stat.): "The taking, reserving or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note . . . carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid . . . may recover back, in an action in the nature of an action of debt, twice the amount of interest thus paid," etc. Can this claim for usurious interest be set off? This depends on the nature of the cause of action, for unless it is one arising upon contract, it cannot, under our statute, be made a matter of set-off. The cause of action is clearly not founded upon express contract. The bank never promised to pay Fraker double the usurious interest it had received from him. The only express contract was the other way, and that contract had been performed. Is it founded upon an implied contract? The authorities say not. (*Hade v. McVay, Allison & Co.*, 31 Ohio St. 231; *Lucas v. Bank*, 78 Pa. St. 228; *Wiley v. Starbuck*, 44 Ind. 298.) The section creates a forfeiture,

and in case the party wronged has actually parted with his money, allows him to recover double damages. Usury, says the statute, forfeits all interest. That is the penalty for the forbidden act. It is in the nature of punishment for an infraction of the law. If no interest has been paid, but only contracted to be paid, that is the only effect of the statute. It thus far nullifies the contract, and forbids the recovery of such interest. But if it has been paid, the party may recover it back, and as much more. The forfeiture is not avoided by the fact that the contract has been performed; but, as though performance had increased the wrong, the damages are doubled. The cause of action is really one to enforce a forfeiture; but a forfeiture implies no contract. Generally where there is an express contract, the law will not imply one. Here there was an express contract, a contract forbidden by the statute, and the penalty for the breach of which is this cause of action. That the penalty goes to the party suffering the wrong rather than to the government, does not change the nature of the action. The statutes of the various states show many instances in which part or all of the penalty goes to the party specially injured by the wrong, or to the informer. Still, the nature of the action is not changed thereby. It cannot justly be said that an action to enforce a forfeiture or recover a penalty is one founded on contract, no matter who is the party chiefly benefited by the recovery. (*Bank v. Commonwealth*, 2 Grant's Cases, 384.) There is, to be sure, an implied obligation resting upon every member of society, to break no law and do no wrong to his neighbor; but this obligation is not the implied contract of which the law books speak as one whose breach gives a cause of action upon contract. The authorities cited correctly construe the section, and the court did not err in ruling out the set-off.

The other matter is an alleged collection of part of the judgment formerly rendered in these cases, pending the proceedings in error. The reversal of these judgments probably obviates any necessity for considering that matter, as money

collected on a judgment will always be returned by the order of the court when the judgment is reversed.

The judgments will be reversed, and the cases remanded for a new trial.

All the Justices concurring.