SOUTHERN DEPARTMENT—CENTRAL DIVISION.
OCTOBER TERM, 1895.

THE FIRST NATIONAL BANK OF NEWTON, KANSAS, v.
J. H. TURNER.

No. 25.

1. NATIONAL BANKS— *Usury Law.* Section 5197 of the Revised Statutes of the United States provides that a national banking association cannot charge a greater rate of interest than is allowed by the laws of the state in which the bank is located, and section 5198 provides that taking, receiving, reserving or charging a greater rate shall be deemed a forfeiture of the entire interest, and if such interest has been paid the person so paying may recover back twice the interest so paid.

2. ————  *Usury — Statute of Limitations.* Under said sections, a note containing usurious interest bears no interest, and the bank is entitled to the principal debt only. A renewal note containing such usurious interest is also usurious. A payment upon any such note is a payment upon the principal debt which the maker owes, and not upon the interest which is forfeited. When the principal debt is paid the balance of the payment is usury, and the statute of limitations does not begin to run upon such usury until such payment of usury.

3. PENALTY FOR USURY—*No Demand Necessary.* In an action to recover a penalty for charging and receiving usurious interest no demand is necessary.

4. USURY—*No Interest upon a Penalty.* In the absence of a statutory provision, no interest can be recovered upon a penalty prior to its being merged into a judgment.

MEMORANDUM.—Error from Harvey district court; L. HOUK, judge. Action by J. H. Turner against The First National Bank of Newton, Kansas, to recover penalty for alleged usury. Judgment for plaintiff. Defendant brings the case to this court. Modified. The opinion herein, filed December 7, 1895, states the material facts.

*Willard Kline*, for plaintiff in error.

*Hess & Johnson*, for defendant in error.

The opinion of the court was delivered by

Dennison, J. : This is an action brought in the district court of Harvey county, Kansas, by J. H. Turner, as plaintiff, against the First National Bank of Newton, Kansas, as defendant, to recover twice the amount of usurious interest paid by said Turner to said bank. The action is brought under sections 5197 and 5198 of the Revised Statutes of the United States, being a part of the national banking law. Said section 5197 provides that a national banking association cannot charge a greater rate of interest than is allowed by the laws of the state in which the bank is located.

"Sec. 5198. The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same; provided such action is commenced within two years from the time the usurious transaction occurred."

The record shows that on October 1, 1885, said Turner was indebted to said bank in the sum of $111.70 ; that for the purpose of extending the time of payment of said indebtedness of $111.70 until March 1, 1886, said bank charged Turner the sum of $9.50, and took his note for $121.20 drawing interest at 12 per cent. per annum from maturity. The record also

23—KAN. APP.

shows that on September 1, 1885, said Turner was in-debted to said bank in the sum of $24.40 ; that for the purpose of extending the time of payment of said indebtedness of $24.40 until March 1, 1886, the said bank charged said Turner the sum of $4.60, and took his note for $29 drawing interest at 12 per cent. per annum from maturity. The record also shows that on November 4, 1885, said Turner was indebted to said bank in the sum of $82.80 ; that for the purpose of extending the time of payment of said indebtedness of $82.80 until March 1, 1886, the said bank charged the said Turner the sum of $7.20, and took his note for $90 drawing 12 per cent. per annum from maturity. Upon the indebtedness represented by each of these notes the said bank had charged the said Turner a rate of interest greater than that allowed by the laws of Kansas.

By the provisions of section 5198, *supra*, the entire interest upon the. above notes was forfeited. The bank was entitled to the principal sum and no more. The said principal sum is $111.70, $24.40, and $82.80, being a total of $218.90. Upon the 15th day of March, 1886, said Turner paid said bank the sum of $82.15. This sum must be credited upon the indebtedness of Turner and not upon usurious interest. This leaves the said Turner indebted to the said bank in the sum of $136.75. The record also shows that on March 15, 1886, and at various other times, the indebtedness of said Turner was extended, and that upon each extension a usurious rate of interest was charged. On May 12, 1887, the bank loaned to the said Turner the further sum of $175, which was, together with the then valid indebtedness of $136.75, put into a note, and a usurious rate of interest was charged thereon until the 2d day of September, 1887,

when the said Turner was legally indebted to the said bank in the sum of $136.75 and $175 respectively, or a total of $311.75.   At that time the bank held a note of Turner for the sum of $391, and demanded and received from Turner the sum of $391; $311.75 was legally due the bank, and $79.25 was usury.   Under said section 5198, the said Turner is clearly entitled, at any time within two years from said 2d day of September, 1887, to bring suit and recover back from said bank twice the amount of the interest thus paid, to wit, $158.50.   This suit was begun on the 30th day of August, 1889, and therefore is not barred by the statute of limitations.   The position taken herein in relation to usury is clearly upheld in *National Bank v. Grimes*, 49 Kan. 219.

It is contended that the court erred in not sustaining the demurrer to the petition, for the reason that no demand is alleged to have been made prior to the commencement of this action.   No demand is necessary.   No authority is cited to us showing that such demand is required.   Section 5198, *supra*, does not require a demand.   It says the person may recover back in an action in the nature of an action of debt.   The only proviso is that the action must be commenced within two years from the time the usurious transaction occurred.   The statutes of Kansas nowhere require a demand prior to the commencement of such an action.

It is also contended that the court erred in including in the judgment against said bank interest from the time of the payment of the usury until the rendition of the judgment.   Section 5198, *supra*, says that the person who has paid the usurious interest may recover back twice the amount of the interest thus paid.   It does not authorize the recovery of such an amount

and interest thereon. It in effect says to a national bank: ''You must not charge or receive usury. If you violate this law and charge or contract for usury, you shall be punished by forfeiting all interest, and if, in addition to charging usury, you go farther and actually receive it, the punishment shall be doubled.'' We apprehend that where a person violates a law for the violation of which a punishment, penalty or forfeiture is prescribed, the judgment of the court should be for the amount prescribed by the statute, and should not include interest thereon from the time of the violation of the statute. The statutes of Kansas do not provide for interest upon such penalties. However, after the penalty is merged into a judgment, paragraph 3500 of the General Statutes of 1889 governs, and the judgment draws interest from the day of its rendition.

The judgment of the district court is modified to correspond with this opinion. The case is remanded to the court below with instructions to reduce the amount of the judgment rendered herein to the sum of $158.30, and it is ordered that said judgment so modified bear interest at the rate of 6 per cent. per annum from June 13, 1890, and when so modified the judgment is affirmed. The costs in this case will be divided between the parties.

All the Judges concurring.