THE FIRST NATIONAL BANK OF HUTCHINSON, KANSAS, v. A. McINTURFF.

NO. 85.

1. USURY—*U. S. Statute Construed—Limitation of Action.* Sections 5197 and 5198 of the Revised. Statutes of the United States prohibit any national banking association from charging a greater rate of interest than is allowed by the laws of the state in which the bank is located, and provide that the taking, receiving, reserving or charging a greater rate shall be deemed a forfeiture of the entire interest. Under said sections, a note containing usurious interest bears no interest, and the bank is entitled to the principal debt only. A renewal note containing such usurious interest is also usurious. A payment upon any such note is a payment upon the principal debt and not upon the interest, which is forfeited. A cause of action for usurious interest does not arise nor the statute of limitations begin to run under such sections until the payment of the principal debt.

2. ———— *Amount of Recovery.* Under said sections, if such usurious interest has been paid, the person so paying the same may recover back twice the total amount of interest paid.

MEMORANDUM.—Error from Reno district court; L. HOUK, judge. Action by A. McInturff against The First National Bank of Hutchinson, Kansas, to recover a penalty. Judgment for plaintiff. Defendant brings the case to this court. Modified. The opinion herein, filed February 6, 1896, states the material facts.

*W. M. Whitelaw,* for plaintiff in error.

*D. W. Dunnett,* for defendant in error.

The opinion of the court was delivered by

COLE, J. : The defendant in error brought his action in the district court of Reno county to recover the penalty provided by sections 5197 and 5198 of the Revised Statutes of the United States for the charging and receiving of certain usurious interest upon the part of plaintiff in error. From a judgment in favor of the defendant in error the bank brings the case here for review. The facts in this case are practically agreed upon, and the law, in our opinion, is fully established in this state. The petition of the plaintiff below, as amended, and upon which the case was tried, alleged a number of separate causes of action, but it is admitted by counsel, and the record discloses, that these various causes of action arise upon three separate and distinct series of notes: That which we may denominate the first series consists of an original note and several renewals upon which certain payments have been made, but not a sufficient amount to pay the principal sum of either of the said notes. The payments which were made were in the nature of usurious interest, and the trial court allowed the plaintiff below to recover the penalty prescribed by the statute upon this series of notes. It is contended by the defendant in error that the record discloses that the bank treated each of the renewal notes as a payment of the note formerly given, and that, therefore, he was entitled to recover upon each of said notes so treated by the bank as having been paid. This position is not well taken. Each of the notes given after the maturity of the original note of this series was simply a renewal, and was so treated by all parties. Any payment which may have been made upon either the original or either of the renewals of this

series would, in an action brought upon said note, be credited as payment upon the principal sum, all interest being forfeited in the event that it was shown that the transaction was tainted with usury. But a cause of action would not arise for the penalty prescribed by statute until a sufficient amount had been paid to cover the principal sum represented by said series of notes. (*National Bank v. Turner*, ante, p. 352, 42 Pac. Rep. 936.)

The other question involved in this case is the construction of that portion of the United States statutes regarding the amount of penalty to be recovered where the principal sum and usurious interest had been paid, and the decision of this question is involved in the determination of the rights of the parties to this action under what may be termed the second and third series set forth in the petition of plaintiff below. It is contended upon the part of the plaintiff in error that the penalty prescribed by statute is double the amount of the excess paid over and above the amount permitted by the statute. The defendant in error contends that a proper construction of the statute gives as a penalty double the total amount of interest paid. It is true that the courts of different states in construing these sections of the United States statutes have adopted different rules, some taking the position occupied in this case by the plaintiff in error. But our opinion is that the weight of authority is in harmony with the decisions of the supreme court of this state upon this question and with the views announced by this court in *National Bank v. Turner*, supra. Both the doctrine enunciated in this last case and the opinion of the court as prepared by Dennison, J., were carefully considered by this court, and we have also given the matter further study and consideration

since the submission of this case, and can see no good reason for changing the views therein expressed. In *Fraker v. Cullum*, 24 Kan. 679, BREWER, J., in delivering the opinion of the court upon the construction of this same statute, says:

"The section creates a forfeiture, and, in case the party wronged has actually parted with his money, allows him to recover double damages. Usury, says the statute, forfeits all interest. That is the penalty for the forbidden act. It is in the nature of punishment for an infraction of the law. If no interest has been paid, but only contracted to be paid, that is the only effect of the statute. It thus far nullifies the contract, and forbids the recovery of such interest. But if it has been paid the party may recover it back, and as much more. The forfeiture is not avoided by the fact that the contract has been performed; but, as though performance had increased the wrong, the damages are doubled."

In *National Bank v. Grimes*, 49, Kan. 219, JOHNSTON, J., in delivering the opinion of the court upon a construction of this same statute, uses the following language:

"Under this provision, a national bank which knowingly stipulates for usury upon a note to be paid in the future forfeits the entire interest, and in an action upon the same can only recover the face of the note, less the interest charged or included therein. If the interest is charged and collected in advance, the person paying it or his legal representative may, in an action in the nature of debt, recover twice the amount of interest paid."

And these decisions and the authorities therein cited were the basis of the opinion of this court in *National Bank v. Turner*, supra. We believe the doctrine therein announced should be here reaffirmed. It follows from the views herein expressed that the

trial court erred in permitting a recovery upon the first series of notes. In this case, however, we are of the opinion that it would be useless to reverse the case for that reason and compel the parties to have a new trial, a modification being sufficient.

This cause will be remanded to the district court of Reno county, with instructions to deduct from the judgment rendered in said cause the amount which plaintiff below was permitted to recover upon the first series of notes. In all other respects the judgment will be affirmed. The costs of this court will be equally divided between the parties to this action.

All the Judges concurring.