HILL *v.* NATIONAL BANK OF BARRE.

(*Circuit Court, D. Vermont.* February Term, 1883.)

1. USURY.

Section 5198, Rev. St., makes the receiving or charging "a rate of interest greater than is allowed" "a forfeiture of the entire interest." In case a greater rate of interest has been paid, the debtor may recover back "twice the amount of interest thus paid."

2. SAME—AMOUNT OF PENALTY—NOT LIMITED TO THE EXCESS.

The amount of penalty recoverable in an action against banks under section 5198, Rev. St., is twice the whole amount of the interest paid, and not merely twice the amount paid in excess of the legal rate.

*W. Porter,* for plaintiff.

*E. W. Bisbee,* for defendant.

WHEELER, J. This action is brought upon the second clause of section 5198 of the Revised Statutes of the United States, to recover back twice the amount of illegal interest paid. The lawful rate here is 6 per cent. and the plaintiff paid 8. The only question made is whether the plaintiff is entitled to recover the whole amount of this interest so paid, or only twice the amount in excess of the legal rate paid. The whole section must be read together to ascertain the meaning of this clause. The first clause provides that the taking, receiving, reserving, or charging a rate of interest greater than is allowed by law, shall be deemed a forfeiture of the entire interest. Here there is no distinction of the excess of the legal rate over the rest. Then the clause in question proceeds to provide that in case the greater rate of interest has been paid, the person by whom it has been paid may recover back twice the amount of the interest thus paid. The continuing the exaction till it had accomplished the payment of the amount exacted is a greater offense than the mere stipulating for the payment, and would be treated with the greater severity. The first clause seems to be intended for the punishment of

the latter offense, and the second for that of the former. The greater rate in the second clause is the same as a rate of interest greater in the first; and the amount of the interest thus paid in the second is the same entire interest mentioned in the first. The difference between the offenses is the difference between exacting an agreement to pay and exacting actual payment; and the difference between the consequences imposed is the liability to lose once the interest in the former case and twice the interest in the latter. This is in accordance with the great current of authorities. *Crocker* v. *Bank*, 4 Dill. 358; *Bank* v. *Davis*, 8 Bliss, 100; *Bank* v. *Moore*, 2 Bond, 174; *Brown* v. *Bank*, 72 Pa. 211; *Bank* v. *Karmany*, 12 Reporter, 540; *Oates* v. *Bank*, 100 U. S. 239.

*Brown* v. *Bank*, 72 Pa. 211, is relied upon as an authority for the defendant, and the head-note to the case in the reports indicates it to be such. An examination of the case at large, however, shows to the contrary. The question there was whether the plaintiff in error had the right to set-off in a suit by the defendant in error against him on notes double the amount of, or the simple amount of, interest at an illegal rate, paid on previous notes, instead of the excess over the legal rate allowed by the court below. The decision seems to have been that he could not, on the ground that double the amount paid at greater than the legal rate could only be reached by the action provided for to recover it; that the forfeiture of the entire amount stipulated for at a greater than the legal rate could be availed of only in defense to an action for the principal. SHARSWOOD, J., in delivering the opinion of the court, said:

"For if, on the payment, simple interest is forfeited, why not also provide for its recovery back by action as well as the penalty of double the amount? Nothing would have been easier than to have expressed the intention that the entire amount should be recovered back in all cases, but double the amount only by action instituted within two years. There may be good reasons for this, if it was the intention of congress to give the bank a *locus pœnitentiæ* so far as a penalty for double the amount was concerned, and allow them to save it by not actually taking it upon the maturity and payment of the debt."

The case is in accordance with the subsequent decision of the same court directly upon the question in this case of *Bank* v. *Karmany*, in the Reporter. The construction contended for would make the consequences of agreeing to take greater than the actual taking in most cases, for the loss of the entire interest would be greater than the loss of twice the excess, unless the excess should equal or exceed half the

rate stipulated for, which would not be usual. In every view, the plaintiff seems by law to be entitled to recover double the amount of interest actually paid in this action.

Judgment for plaintiff for $501.76 damages.