## W. M. COLGIN v. CITY NATIONAL BANK OF GATESVILLE.

Decided May 12, 1897.

**Usury—National Bank—Penalty.**

One who has paid to a national bank interest in excess of the legal rate may recover back, under Revised Statutes, U. S., sec. 5198, double the entire amount of interest paid. His recovery is not limited to double the amount in excess of the legal rate.

APPEAL from the County Court of Coryell. Tried below before Hon. T. C. TAYLOR.

*J. E. Walker* and *Dyer & Dyer*, for appellant.—Under article 5198, Revised Statutes of the United States, national banking associations are forbidden to collect from or receive from another on a loan over the highest legal rate of interest fixed by the laws of the State where it is situate, and a violation subjects such bank to a forfeiture of the whole of the interest so collected and paid to it, and not, as the court below held, simply to a forfeiture of the difference between the highest rate of legal interest and the interest so charged and paid above such legal rate. Rev. Stats. U. S., art. 5198; Bank v. Stauffer, 1 Fed. Rep., 187; Hill v. Bank, 15 Fed. Rep., 432; Crocker v. Bank, 4 Dill., 358; Bank v. Davis, 8 Biss., 100; Bank v. Moore, 2 Bond, 174; Danforth v. Bank, 3 U. S. App., 7; Bank v. Karmany, 98 Pa. St., 65; Bank v. Trimble, 40 Ohio St., 629; Bank v. Bullong, 24 Neb., 825; Barnet v. Bank, 8 Otto, 555; Bank v. Dearing, 1 Otto, 29.

*McDowell & Sadler*, for appellee.—Under article 5198, Revised Statutes of the United States, the penalty provided against national banks for charging a greater rate of interest than the legal rate allowed by the State where the bank making the loan is situated, is double the excess charged above the highest rate allowed by law, and not double the whole

interest collected. Rev. Stats. U. S., art. 5198; Garza v. Sullivan, 30 S. W. Rep., 240; Bobo v. Bank, 21 S. W. Rep., 889; Hintermister v. Bank, 64 N. Y., 212; Bank v. Johnson, 104 U. S., 271-279; Bank v. Dearing, 91 U. S., 29-37; Barnett v. Bank, 98 U. S., 555-559; Brown v. Bank, 72 Pa. St., 209.

FISHER, CHIEF JUSTICE.—Appellant brought suit in the County Court of Coryell County, Texas, on July 27, 1896, against appellee, as a national banking association, to recover the sum of $644.40, being double the sum of interest knowingly collected by the appellee bank from plaintiff on loans made by the appellee bank, in violation of article 5198 of the Revised Statutes of the United States.

The appellee appeared, and among other things pleaded as follows:

1. Plea to the jurisdiction, alleging that plaintiff's petition on its face showed that if plaintiff was entitled to recover at all he was only entitled to recover the sum of $107.40.

2. A special exception involving the jurisdiction of the court, insisting that plaintiff was only entitled to recover the differences between the legal rate of interest in Texas, viz., 10 per cent, and the interest actually charged and collected by the appellee bank, viz., 12 per cent, and not the whole interest charged at the last mentioned rate and paid by plaintiff on loans, and that such difference between such legal rate of interest and interest charged and collected was only $107.40, and therefore not within the jurisdiction of the court.

On the trial the court below sustained defendant's plea to the jurisdiction and special exception raising also said question of jurisdiction, and dismissed plaintiff's action, adjudging all costs against plaintiff, and he thereupon excepted and gave notice of appeal.

The only question to be decided is presented by the following assignment of errors: "The court erred in sustaining defendant's plea to the jurisdiction and special exception raising the question of jurisdiction, and in holding that plaintiff was not entitled, under article 5198 of the Revised Statutes of the United States, to recover double the amount of interest paid by plaintiff to defendant as a national banking association, as alleged in plaintiff's petition in this cause."

Section 5198 of the Revised Statutes of the United States, upon which this suit is based, is as follows: "The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same; provided such action is commenced within two years from the time the usurious transaction occurred. (That suits, actions, and proceedings against any association under this title may be

had in any circuit, district, or territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.)"

Under this statute, one who has paid a greater rate of interest than is allowed by law may recover in an action of debt twice the amount of the interest thus paid. The expression "greater rate of interest than is allowed by law, and twice the amount of interest thus paid" evidently refers to the entire interest paid, and is not limited simply to the difference between the rate allowed by law and that actually paid.

This construction of the statute is supported by Hill v. Bank, 15 Fed. Rep., 432; Bank v. Karmany, 98 Pa. St., 65; Bank v. Bullong, 24 Neb., 825.

Under this view of the question the appellant was entitled to recover double the amount of the interest paid.

For the reasons stated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*