JOHN W. WATT v. FIRST NATIONAL BANK OF LAKE BENTON.

June 9, 1899.

Nos. 11,566—(125).

**National Bank—Usury—Penalty.**

> Where a national bank has received a greater rate of interest than is allowed by law, the amount of recovery, under R. S. (U. S.) § 5198, by the party who has paid the same, is twice the amount of all the interest paid, and not merely double the excess over the legal rate.

Action in the district court for Lincoln county to recover $323, being twice the amount of interest paid on a promissory note alleged to be usurious. The case was tried before Webber, J., and a jury, which rendered a verdict in favor of plaintiff for $321.94. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*John McKenzie,* for appellant.

*F. L. Janes,* for respondent.

MITCHELL, J.[1]

This action was brought under the national banking act, R. S. (U. S.) §§ 5197, 5198, which provides:

> "Sec. 5197. Any association may take, receive, reserve and charge on any loan or discount made, or upon any note, bill of exchange or other evidences of debt, interest at the rate allowed by the laws of the state, territory or district where the bank is located, and no more.
>
> "Sec. 5198. The taking, receiving, reserving or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same."

The principal question in the case is whether the amount which may be thus recovered back is twice the entire interest paid, or merely double the excess of the interest over the legal rate. We are not aware that this question has ever been passed upon by the supreme court of the United States, but it has been almost uniformly held by the United States circuit courts and by the state courts that the amount of the recovery is twice the entire interest paid, and not merely double the excess paid over the legal interest. 16 Am. & Eng. Enc. 176, and cases cited. This seems to us to be clearly the correct construction of the statute. It would be extraordinary if congress intended to provide for a forfeiture of all interest when no usury had been paid, but only allow a recovery of

[1] BUCK, J., absent, took no part.

double the excess over legal interest when the interest had been paid. The word "rate" is evidently used in the same sense in both clauses of section 5198. "Greater rate," in the second clause, is the same as "a rate greater" in the first clause, and "the amount of the interest thus paid" in the second is the same as "the entire interest" in the first. The entire interest forfeited is just the rate which was contracted for. Upon payment of "a greater rate" than is lawful, "twice the amount of the interest thus paid" is twice the entire interest. To say that only a part of the greater rate (that is, the excess over the lawful rate) is the amount which can be recovered back would be to do violence to the plain language of the statute. Hill v. National Bank, 15 Fed. 432; Lebanon v. Karmany, 98 Pa. St. 65; Louisville Trust Co. v. Kentucky Nat. Bank, 87 Fed. 143.

The only authorities we have found to the contrary are Hintermister v. First, 64 N. Y. 212 (decided, "with hesitation," largely upon the supposed authority of Brown v. Second, 72 Pa. St. 209), and Bobo v. Peoples, 92 Tenn. 444, 21 S. W. 888, which follows the Hintermister case. Brown v. Second, supra, is not in point, the syllabus being misleading. In view of the decision of the same court in Lebanon v. Karmany, supra, without even mentioning the Brown case, it would seem that the court did not consider that the latter case decided what was assumed in the Hintermister case.

2. There was no reversible or prejudicial error in admitting in evidence the letter from the defendant's cashier to the plaintiff. The only thing contained in it which had any bearing on the case, or could possibly have influenced the jury, was the cashier's statement that the amount due on the note was $1,622. He had already testified to and admitted this on his cross-examination, to which there was no exception.

Order affirmed.