(102 N. W. 160.)

---

## JOSEPH F. WALDNER v. BOWDEN STATE BANK.

Opinion filed December 27, 1904.

**Upon Objection to the Sufficiency of the Complaint After Witness Is Sworn, It Will Be Liberally Construed.**

　　1. Under an objection to a complaint as not stating a cause of action, made for the first time at the trial after a witness is sworn, the complaint will be liberally construed, and all reasonable inferences from the facts stated will be indulged in to sustain the pleading.

**Under Such Construction Complaint Sufficient — Usury.**

　　2. Under such rule of construction, the complaint states a cause of action for the recovery of money paid as usury pursuant to a contract, in an action under section 4066, Rev. Codes 1899, although it does not expressly allege that such payments were knowingly made and received.

**Evidence — Harmless Error.**

　　3. The admission of irrelevant testimony is not prejudicial error in cases where the party objecting to such evidence offers no proofs, and there is no conflict in the evidence received, and the evidence sustains the verdict without the irrelevant testimony.

**Usury — Recovery of Double the Interest Payments.**

　　4. Under section 4066, Rev. Codes 1899, prescribing the amount recoverable when usurious payments have been made, plaintiff may recover double the amount of all interest payments made, and not merely the excess over the lawful rate.

Appeal from District Court, Wells county; *Glaspell*, J.

Action by Joseph F. Waldner against the Bowden State Bank. Judgment for plaintiff. Defendant appeals.

Affirmed.

*Lee Combs,* for appellant.

Under section 4066, Rev. Codes 1899, the plaintiff must allege that the usurious interest was knowingly taken. The statute is penal, and the illegal contract must be precisely set forth. Blaine v. Curtis, 59 Vt. 120, 59 Am. Rep. 702; Livermore v. Boswell, 4 Mass. 437; Morrill v. Fuller, 7 Johns. 402; Schuyler Nat'l Bank v. Bollung, 40 N. W. 411; Henderson National Bank v. Aleves, 15 S. W. 132.

Failure to demur to a complaint does not waive the right to urge its insufficiency thereafter. James River Nat'l Bank v. Purchase et al., 9 N. D. 280, 83 N. W. 7.

It was error to allow the witness Nichols to testify that the bank charged a usurious rate of interest on all of its loans. In civil actions evidence of transactions similar to that under investigation is not admissible where there is no charge of fraud. Tallman v. Kimball, 74 Hun, 279, 26 N. Y. S. 810; Hoxie v. Home Insurance Co., 32 Conn. 21; Elliott v. Lyman, 85 Mass. 110; Lynn v. Gilman, 46 Mich. 628, 10 N. W. 46; Central Ry. Co. v. Brunson, 63 Ga. 504; True v. Sanborn, 27 N. H. 383; Ross v. Ackerman, 46 N. Y. 210; McGuire v. Kenefich, 82 N. W. 485; Ottillie v. Waechter et al., 33 Wis. 252; Russell v. Hearne, 18 S. E. 711; Hartman v. Evans, 18 S. E. 810.

The intent to take usurious interest must have been in full contemplation of both parties to the transaction. Tyler on Usury, 103.

To work a forfeiture, under the statute, there must have been an agreement for usury. Hawk v. Syndaker, 86 Ill. 197; Sexton v. Murdock, 36 Ia. 516; Dodds et al. v. McCormick Harvesting Mach. Co., 87 N. W. 911.

The court erred in instructing the jury that plaintiff was entitled to recover twice the amount of interest and twice the excessive usurious interest received by the defendant. The verdict could only be for double the excess of interest and not for double the entire interest reserved or paid. Such is the construction of section 5198, Revised Statutes of the United States, identical with section 4066, Rev. Codes of North Dakota. Bobo v. Peoples Nat'l Bank of Shelbyville, 21 S. W. 889; Garza v. Sullivan et al., 10 Tex. Civ. App. 184, 30 S. W. 240; Hintermeister v. Bank, 64 N. Y. 212; Knapp v. Briggs, 84 Mass. 551; Brown v. Bank, 72 Pa. St. 209; Hardin v. Trimmier, 30 S. C. 391, 8 S. E. 342.

*J. A. Callahan,* for respondent.

Great latitude is indulged to sustain a complaint assailed for. the first time at the trial by an objection to the introduction of evidence on the ground that the ˚complaint fails to state facts sufficient to constitute a cause of action. Heedleson et al. v. First Nat'l Bank of Tobias, 76 N. W. 570; Stutsman County v. Mansfield et al., 5 Dak. 78, 37 N. W. 304; Whitbeck v. Sees, 10 S. D. 417, 73 N. W. 915.

Where a complaint fails to state facts essential to a cause of action, which might be supplied by an amendment before or after judgment, and these facts are proved at the trial after the judge has refused to exclude the evidence of the plaintiff on the ground that the complaint does not state facts sufficient to constitute a cause of action, the defect in the complaint is no ground for a reversal of judgment rendered in favor of the plaintiff. Johnson v. Burnside, 3 S. D. 230, 52 N. W.. 1057; Lexington Bank v. Marsh, 95 N. W. 341; Strait v. City of Eureka, 96 N. W. 695.

An objection that a complaint does not state facts sufficient to constitute a cause of action made for the first time on trial, is unfavorable if the complaint contains a fair inference of the facts. Commonwealth Title Insurance & Trust Co. v. Dokko, 74 N. W. 891; Peterson v. Hopewell, 76 N. W. 451; Roberts v. Taylor, 27 N. W. 87; Marvin v. Weider, 48 N. W. 825.

The admission of testimony that the bank usually took usurious interest was without prejudice, as it appeared that usurious interest was charged in the particular transaction in controversy; that such interest was usually charged could not have influenced the jury. Sloan v. Citizens Nat'l Bank, 95 N. W. 480; Becker v. Vollmer, 95 N. W. 482.

Where a tender of money authorizes an agent to manage and control his lending business, he is presumed to know the manner in which the business will be conducted, and is chargeable with the acts of such agent, legal or illegal, which are within the scope of his authority; and charging usurious interest is within the scope of the authority of a cashier of a bank. Webb on Usury, 100, 101; Anderson v. Vallery, 58 N. W. 191; Cheney v. Eberhardt, 1 N. W. 197; Lewis v. Willoughby, 43 Minn. 307.

In actions brought to recover twice the usurious interest paid, the plaintiff may recover double the amount of interest actually paid, and is not confined to double the usury paid. Webb on Usury, 604; Schuyler Nat'l Bank v. Bollong, 45 N. W. 164, 56 N. W. 209; National Bank v. Davis, 8 Bliss 100; 1 National Bank Cas.

350; National Bank v. Trimble, 40 Ohio St. 209; Calgin v. City National Bank, 40 S.. W. 634; Second National Bank v. Morgen, 16 Pa. St. 199, 30 Atl. 957; Osborn v. First Nat'l Bank, 34 Atl. 858; Bank v. Trumble, 40 Ohio St. 629; Bank v. Karmany, 98 Pa. St. 65; Bank v. Alves, 15 S. W. 132; Wiley v. Starbuck, 44 Ind. 298.

MORGAN, C. J.   Action to recover a judgment for money paid to the defendant by plaintiff on a usurious contract.   The complaint alleges that the defendant loaned plaintiff $265, and that he gave it his note for $315, bearing interest at ten per cent. per annum, and that it was agreed between them that plaintiff should pay twelve per cent. per annum as interest on said sum of $315.70 on April 9, 1903, about thirteen months after the note was given. Plaintiff seeks to recover twice the amount of interest paid on the note, together with twice the $50 paid as bonus.   Plaintiff asks judgment for $182.40—twice the amount paid as interest and bonus. The answer is a general denial.   The jury found for the plaintiff for the full amount claimed.   Defendant appeals from the judgment, and assigns as errors: (1) The admission of any evidence under the allegations of the complaint, for the reason that it fails to state that the usurious payment was knowingly made and received; (2) receiving evidence of other and independent usurious transactions between the defendant and other persons; (3) failure to charge the jury that the payment of the usury must have been knowingly made and received; (4) failure to charge the jury that plaintiff could recover only the excess of interest paid over and above the rate allowed by law.

The complaint does not allege expressly that usury was knowingly paid and accepted.   It does state that the plaintiff and defendant entered into a contract under which the plaintiff received $265 as a loan from defendant, and that it was agreed between the parties that plaintiff was to pay $50 as a bonus thereon, in addition to twelve per cent. per annum on $315, the amount contracted to be paid according to the face of the note set forth in the complaint. The sufficiency of the complaint was not attacked by demurrer, but by an objection to the introduction of any evidence under it, made after the first witness was sworn.   As against such objection, we have no doubt that it was properly overruled.   As against an objection thus made, the complaint must be liberally construed, and it is only where there is a total want of sufficient alle-

gations that it should be sustained. If a necessary fact is alleged by fair inference or intendment, the objection will be overruled. The allegation that the usurious payment was made pursuant to a contract that it should be paid is sufficient as against an objection so made. All the authorities favor liberal construction of a pleading when attacked by such motions. Stutsman Co. v. Mansfield, 5 Dak. 78, 37 N. W. 304; Commonwealth Title Insurance Co. v. Dokko, 71 Minn. 533, 74 N. W. 891; Peterson v. Hopewell, 55 Neb. 670, 76 N. W. 451; Whitbeck v. Sees, 10 S. D. 417, 73 N. W. 915. The complaint, liberally construed, shows that both parties intended to contract for payment of usurious interest, and that it was paid and received knowingly and pursuant to such contract.

Evidence was admitted over objection that the defendant was accustomed to take usury, on all loans made by it, and evidence was received to the effect that usury was accepted by defendant on loans other than the one in suit. In case defendant had offered testimony tending to deny the plaintiff's evidence that the loan in suit was usurious, its admission might have been prejudicial error, but such a case is not before us for consideration. In this case the defendant offered no evidence at all. As we look at the evidence, it would have warranted a direction of a verdict for the plaintiff by the court. Under such circumstances, if error at all, it was error without prejudice to admit this evidence. Donley v. Camp, 58 Am. Dec. 274; Sloan v. Citizens' National Bank (Neb.) 95 N. W. 480.

The court did not in express words instruct the jury that the usurious payments must have been knowingly made and received before the plaintiff could recover. No such instruction was requested, which is a sufficient reason for denying defendant's assignment on that ground in this court. The charge, however, in effect, informed the jury that the receiving and giving of usury must be knowingly done, before plaintiff could recover. It stated that the giving and taking of usury must be pursuant to a contract that usury payments were intended. Section 4066, Rev. Codes 1899, prescribing under what circumstances and conditions payments of usury can be recovered back by action, was read to the jury. This was amply sufficient, in the absence of a request for a more specific instruction.

Error is also assigned on the charge of the court in respect to the amount recoverable when usurious payments have been accepted. The rule was given to the jury that twice all sums paid as interest

were recoverable, if the transaction was tainted with usury. Defendant claims that twice the interest paid over and above the rate allowed by law can only be recovered back. A determination of this question requires a construction of our Code bearing upon the rate of interest allowed, and the recovery of sums paid as interest, when exceeding the sum allowed by law. Section 4064, Rev. Codes 1899, reads as follows: "No person, firm, company or corporation shall directly or indirectly take, or receive, or agree to take or receive in money, goods or things in action or in any other way any greater sum or any greater value for the loan or forbearance of money, goods or things in action than twelve per cent per annum; and in the computation of interest the same shall not be compounded. Any violation of this section shall be deemed usury; provided, that any contract to pay interest not usurious on interest overdue shall not be deemed usury." Section 4066, Rev. Codes 1899, reads: "The taking, receiving, reserving or charging a rate of interest greater than is allowed by section 4064, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back in an action for that purpose twice the amount of interest thus paid from the person taking or receiving the same; provided, that such action is commenced within two years from the time the usurious transaction occurred." The latter section provides for a penalty for usurious transactions under two independent conditions: (1) When usury rests in contract, and has only been charged; (2) when it has been paid. In cases where usury has been charged and not paid, and the usurer brings an action upon his contract, the illegality of the contract may be alleged as a defense, and if proven, the entire interest due upon the contract becomes forfeited, and no recovery can be had upon the contract, except as to the principal sum loaned. In cases where the usury has been paid, and it is sought to recover back the sum paid as interest, a more difficult question is presented, as the meaning of the statute is not clear. By construing section 4066 in its entirety, we think the legislative intention was that all sums paid as interest, whether within or beyond the provisions of the statute, are recoverable in double the sums paid. It does not seem reasonable that the intention of the legislature was that all interest was forfeited when it rests

in contract, merely, and that the illegal part only is forfeited if the debtor has paid the whole sum contracted to be paid as interest. The words "the amount of interest thus paid" refer to the "greater rate," which includes a legal and an illegal rate, and they include the same sums as are included in the words "the entire interest," in the first part of the section. When recovery is allowed for the sum paid as a "greater rate," it includes a recovery for the whole sum paid, whether legal or illegal, and is the same as the entire interest contracted to be paid. Such is the construction generally given to statutory provisions identical or similar to section 4066 in other states, and this seems to us correct, although some cases hold to the contrary. The following cases sustain the construction which we have given to the statute: Lebanon National Bank v. Karmany, 98 Pa. 65; National Bank v. Trimble, 40 Ohio St. 629; Smith v. First National Bank (Neb.) 60 N. W. 866; Bank v. McInturff, 3 Kan. App. 536, 43 Pac. 839; National Bank v. Bollong, 28 Neb. 684, 45 N. W. 164; Colgin v. Bank (Tex. Civ. App.) 40 S. W. 634; Watt v. First National Bank (Minn.) 79 N. W. 509; Henderson National Bank v. Alves, 91 Ky. 143, 15 S. W. 132; Louisville Trust Co. v. Kentucky National Bank ( C. C.) 87 Fed. 143, and (C. C.) 102 Fed. 442; Hill v. National Bank (C. C.) 15 Fed. 432.

Other assignments made have been duly considered, and found to be without merit.

The judgment is affirmed. All concur.