## I. BAUM v. S. DANIELS.

Decided April 15, 1909.

**1.—Usury—Statute.**

The Act of April 19, 1907, Laws 30th. Leg., p. 277, amending article 3106, Rev. Stats., provided, as did the article amended, for the recovery in an action therefor of double the entire interest paid upon an usurious contract, and was not limited to a recovery of double the amount paid in excess of the lawful rate.

**2.—Same.**

The use of the words "if usurious interest as defined in the preceding articles," in article 3106, Rev. Stats., limited the right to recover double the interest collected to that received on a written contract, no other class of contracts being declared unlawful "by the preceding articles," the omission of that clause from the amended article enlarges rather than restricts the meaning to be given to the words "usurious interest" as used in the Act of 1907.

**3.—Same—Constitution—Cases Distinguished.**

By article 16, section 11 of the Constitution as amended in 1891, all contracts for a greater rate of interest than 10 percent per annum are deemed usurious, and this provision is self-executing. The former Constitution had defined as usurious "all interest charged above" 12 percent per annum, making only the excess of interest usurious. Cases arising under this provision distinguished from those under present Constitution.

**4.—Usury—Written or Verbal Contract.**

Where notes provided for interest at 10 percent per annum, but interest at a greater rate was by the lender collected or deducted from the amount loaned in advance, the usurious payment was upon a written contract within the meaning of article 3106, Rev. Stats., and the manner of its collection, though by an oral arrangement, was a mere device to avoid the effect of a statute.

**5.—Usury—Penalty—Interest on Interest.**

The penalty provided on recovery for exacting unlawful interest is double the amount of the interest paid, and being a judgment in a civil action, bears statutory interest from the date of its recovery. But interest cannot be recovered on penalties in the absence of statutory provision, and it is erroneous to direct a recovery for interest upon the usurious payments between the date suit was filed and the date of judgment.

**6.—Excessive Judgment—Reformation and Affirmance.**

Error in directing a recovery of interest upon interest in addition to double the amount of usurious interest paid may be cured in the appellate court by reducing the judgment so as to exclude from the amount recovered the interest improperly allowed.

Appeal from the District Court of Navarro County. Tried below before Hon. C. L. Jester.

*R. S. Neblett* and *Simkins & Simkins,* for appellant.—On October 30, 1907, there was no law in this state in force and effect which authorized the recovery of double the amount of the interest received

or collected. The penalty for usury at the time this judgment was rendered was only double the interest charged in excess of the legal rate and not double the amount of all the interest received or collected. As to "penalty" and "fine" see Gladney v. Sydnor, 72 S. W., 554; Long v. Green, 16 Texas Ct. Rep., 110; State v. Galveston, H. & S. A. Ry., 16 Texas Ct. Rep., 909; Etter v. Pacific Ry. Co., 2 Texas App., Civ. Cas., sec. 60; Gulf, C. & S. F. v. Lott, id. sec. 63; Wall v. State, 18 Texas, 696; Cooley, Con. Lim. (4th ed.) sec. 301; Coles v. Madison County, 12 Am. Dec., 161; City of New Whatcom v. Roeder, 61 Pac., 767; Parmlee v. Lawrence, 48 Ill., 331; Anderson v. Byrnes, 54 Pac., 821.

The charge of the court. is material error for which the judgment should be reversed because it instructs the jury to allow interest on the penalties accruing for collecting usurious interest from October 30, 1905. 13 Am. & Eng. Enc. of Law, 62; Newton First Nat. Bk. v. Turner, 3 Kan. App., 352; State v. Owsley, 17 Mont., 94; Close v. Fields, 13 Texas, 623; Heidenheimer & Co. v. Ellis, 67 Texas, 426; Gulf, C. & S. F. Co. v. McCarty, 82 Texas, 608; Gulf, C. & S. F. Co. v. Holliday, 65 Texas, 54.

The court erred in rendering judgment in favor of plaintiff so that the judgment should bear interest from date at the rate of six per cent per annum. Hawthorn v. State, 12 Texas Ct. Rep., 699; State v. Steen, 14 Texas, 396; Johnson v. Rolls, 79 S. W., 513; People v. Sutter St. Ry., 79 Am. St. Rep., 139.

The evidence showed that if the plaintiff paid any usurious interest at all, it was because of a verbal contract with the defendant, and therefore the verdict is predicated upon a verbal contract on which no recovery can be had and a new trial should have been granted. Simkins on Contracts, p. 151; Quinlan's Estate v. Smye, 50 S. W., 1068; Watson v. Aiken, 55 Texas, 536; Hemphill v. Watson, 60 Texas, 679; Cotton State Bldg. Co. v. Rawlins, 62 S. W., 805; Roberts v. Coffin, 53 S. W., 597.

The court erred in the 12th paragraph of its general charge to the jury, which is substantially as follows: "But if upon the other hand, there were no separate contracts, written or verbal, as aforesaid, and the contracts and arrangements between the parties were, that the plaintiff would execute his note to defendant for each amount by him borrowed and for the sum which he actually borrowed, and 18 per cent. per annum was deducted from such amount and retained by the defendant, or if the full amount of such note was paid to plaintiff by defendant and plaintiff forthwith repaid it to defendant, such would be an usurious written contract and plaintiff would be entitled to recover, under the instructions hereinbefore given you. Hough v. Hill, 47 Texas, 153; Bailey v. Mills, 27 Texas, 434; Chandler v. Fulton, 10 Texas, 22; Smith v. Stoddard, 10 Mich., 148; Parker v. Fulton B. & L. Assn., 46 Ga., 166; Tyler on Usury, 429; Ewell v. Daggs, 108 U. S., 143; Hemphill v. Watson, 60 Texas, 683; Gilliam v. Alford, 69 Texas, 267; Awalt v. Eutaw Building Assn., 34 Md. 435.

If under a parol agreement or arrangement, Baum collected 18 per cent. interest in advance by deducting the amount from the face of the note, or if Daniels received the full amount of the note and im-

mediately paid Baum the 18 per cent. interest, while such transaction might be usurious, it would not authorize Daniels to recover the penalty for usury, but at most would only entitle Daniels, in a suit by Baum to collect the principal of the notes, to have the interest in excess of the legal rate applied as a credit on the principal sum borrowed. Bexar B. & L. Assn. v. Robinson, 78 Texas, 163; Krause v. Pope, 78 Texas, 478; Smith v. Stevens, 81 Texas, 461.

*Richard Mays,* for appellee.—The Act of the Legislature of 1907 did not repeal the Act of the Legislature of 1892, fixing the amount for which a recovery may be had. Ex Parte Vaccarezza, 52 Texas Crim., 107; Russell v. Farquhar, 55 Texas, 359; Smith v. People, 47 N. Y., 330; State v. Rosenberg, 7 Texas Civ. App., 487; Southerland on Stat. Const., sec. 28; State v. Drake, 86 Texas, 329; Constitution, art. 16, sec. 11, as amended in 1891; Rev. Stats., (1895) arts. 3104, 3106; Acts 30th Leg., Chap. 143, p. 277; Long v. Green, 100 Texas, 510; Boerner v. Traders Natl. Bank., 90 Texas, 443; Smith v. Chilton, 90 Texas, 447; Ledbetter v. First Natl. Bank, 31 S. W., 840.

There was no error in the charge of the court as complained. The measure of recovery permitted by law was double the entire interest charged and paid. The recovery was not limited to the interest charged in excess of the legal rate. Smith v. Chilton, 90 Texas, 447; Boerner v. Traders Natl. Bank, 90 Texas, 443; Constitution, art. 16, sec. 11, as amended in 1891; People's Bld. L. & S. Assn. v. Keller, 50 S. W., 186; Rev. Stat. (1895), arts. 3104, 3106, 3103; Colgin v. City Natl. Bank of Galesville, 40 S. W., 634; Acts 30th Leg., chap. 143, page 277; Ramsey v. Thomas, 38 S. W., 259; Constitution, 1876, art. 16, sec. 11; Krause v. Pope, 78 Texas, 484; Gilder v. Hearne, 14 S. W., 1031; Fisher v. Hoover, 3 Texas Civ. App., 81; Rosetti v. Lozano, 96 Texas, 57; People's Bldg. Assn. v. Bessonette, 48 S. W., 52; Smith v. Glanton, 39 Texas, 366.

It was proper to allow plaintiff interest on the amount sued for, from and after the date of the institution of the suit, on October 30, 1905. Rev. Stat. 1895, arts. 3106, 3098, 3101; Acts 30th Leg., chap. 143, page 277; Wartman v. Empire Loan Co., 101 S. W., 499; Alston v. Orr, 105 S. W., 234; Taylor v. Sturgis, 29 Texas Civ. App., 270; Rosetti v. Lozano, 96 Texas, 57; 22 Cyc., 1491, 1543; Boerner v. Traders Natl. Bank, 90 Texas, 444.

The testimony does not show that Daniels paid Baum usury upon a verbal contract, and neither is the verdict of the jury predicated upon such fact. Dunman v. Harrison, 41 S. W., 499; Rev. Stat., art. 3104; Smith v. Chilton, 90 Texas, 447; People's Bldg. Assn. v. Keller, 20 Texas Civ. App.,616; Building Assn. v. Daugherty, 27 Texas Civ. App., 430; Mitchell v. Napier, 22 Texas, 128.

The evidence shows that the usurious interest charged and collected arose directly out of written contracts, evidenced by the several notes and checks in evidence. If the evidence had shown, which it does not, that the contracts by which the usurious interest was charged, was partly written and partly verbal, still under the testimony, there was but one entire contract, under which the usurious interest payments were paid, and were uniformly evidenced by the written notes in evi-

dence. Rev. Stat., art. 3104; Smith v. Stevens, 81 Texas, 461; Peightal v. Cotton States Building Co., 61 S. W., 431; Webb, Usury, sec. 426; Building Assn. v. Daugherty, 27 Texas Civ. App., 430; Roe v. Kiser, 34 S. W., 534; Smith v. Glanton, 39 Texas, 366; Simkins on Contracts, 151; Cotton States Building Co. v. Rawlins, 62 S. W., 807; Roberts v. Coffin, 53 S. W., 597; People's Bldg. Assn. v. Keller, 20 Texas Civ. App., 616.

HODGES, Associate Justice.—This suit was instituted by the appellee against the appellant under the provisions of Art. 3106 of the Revised Civil Statutes, to recover double the amount of interest paid on certain loans of money made at a usurious rate. The testimony shows that interest in different sums was paid on different dates during the two years next preceding the institution of the suit; that the rate of interest charged and received was eighteen per cent. per annum. The loans upon which they were paid were evidenced by notes payable to appellant upon certain dates specified and providing for interest at the rate of ten per cent. per annum from maturity. It is shown that the interest was always paid in advance. This was done in some instances by deducting the amount of the interest at the rate mentioned from the sum expressed in the note, and delivering to the appellee the difference. In other instances Baum, the appellant, would give a check for the entire amount, and when this was cashed by the appellee the interest would be paid to Baum from that sum. The case was tried before a jury, resulting in a verdict in favor of the appellee for the amount sued for together with interest at six per cent. per annum computed from October 30, 1905, the date when suit was filed.

It is claimed by the appellant that the Act of 1907 amending Article 3106 radically changed its leading characteristics and in effect practically repealed the provision allowing the recovery of double the amount of all the interest received and collected under a usurious contract. Before the amendment Art. 3106 read as follows: "If usurious interest as defined by the preceding articles, shall hereafter be received or collected, the person or persons paying the same, or their legal representatives may by action of debt, instituted in any court of this State, having jurisdiction thereof, within two years after such payment, recover from the person, firm or corporation receiving the same, *double the amount of the interest so received or collected.*" After being amended it read as follows; "If usurious interest ('as defined by the preceding articles,' omitted) shall hereafter be received or collected upon any contract, either written or verbal, the person or persons paying same, or their legal representatives, may by action of debt, instituted in any court ('of this state,' omitted) having jurisdiction thereof in the county of defendant's residence, or in the county where such *usurious interest* shall have been received, or collected, or where said contract has been entered into, or where parties paying the same reside when such contract was made, within two years after such payment, recover from the person, firm, or corporation receiving the same, double the amount of *such usurious interest,*" (in lieu of 'the interest so received or collected'). Appellant also

claims that as the law now stands it only permits one who pays interest under a usurious contract to recover double the excess he pays above the legal rate, and not double the entire interest paid; that the words "such usurious interest" which the amended statute uses in lieu of the words "the interest so received and collected" as used before amendment, evidenced an intent on the part of the Legislature to restrict the sum that might be recovered in penal actions to double such excess. This, of course, is based upon the assumption that the words "such usurious interest," in the amended Article, means the excess over the rate which may lawfully be charged and collected. It is true that no person can have a vested right in a penalty given by statute, and repeal of the law upon which the penalty is founded at any time before a final judgment is rendered destroys the right of action. This is too elementary to call for citation of authorities. It also follows that any modification of the penal statute restricting the right of recovery to an amount less than that originally permitted is equally effective in diminishing to that extent the amount for which judgment can be rendered. The question here is, Do the words, "such usurious interest," used in the amended Act, mean all of the interest received on a contract providing for an unlawful rate, or only the excess over that which may lawfully be charged and collected? In short, what does the phrase "usurious interest" mean? It will be observed that prior to the amendment the Article referred to used the language "if usurious interest, as defined in the preceding articles," etc. This language had the effect of limiting the right to recover double the interest collected to that received on a written contract, because under the preceding articles no other class of contracts which provided for a greater rate than that allowed is declared unlawful. The omission of that clause from the amended article enlarges rather than restricts the meaning which may be given the words "usurious interest" as now used, and permits recourse to any authoritative source for the purpose of ascertaining the sense in which it is used. We must therefore regard the term "such usurious interest," as employed in the latter portion of that Article, as also partaking of the enlarged definition thus permitted, and as being used in the usually accepted sense. When thus disengaged from the conventional restriction imposed under the old article "usurious interest" should be held to mean unlawful interest. The prohibition against charging a rate of interest in excess of ten per cent. per annum is found in Art. 16, Sec. 11 of the Constitution, as amended in 1891. It says: "All contracts for a greater rate of interest than ten per cent. per annum shall be deemed usurious," etc., and enjoins upon the Legislature the duty of providing appropriate pains and penalties for its enforcement. This provision of the Constitution has been held to be self-enacting. Quinlan's Estate v. Smye, 21 Texas Civ. App., 157, 50 S. W., 1069; Roberts v. Coffin, 22 Texas Civ. App., 127, 53 S. W., 597; Watson v. Aiken, 55 Texas, 536. The last mentioned case was decided before the Constitution was amended. The Constitution as it existed at the time of this decision provided that in the absence of contract the rate of interest should not exceed eight per cent. per annum, and authorized parties by contract to agree upon a rate not to exceed twelve per cent.

per annum. It then declares: "All interest charged above this last-named rate shall be deemed usurious, and the Legislature shall at its first session provide appropriate pains and penalties to prevent and punish usury." Under that provision usurious interest was the excess over what might be lawfully charged. This will account for the holding of the courts in some of the cases cited by the appellant in support of his contention. But under the Constitution as it now stands all contracts are usurious which provide for a rate in excess of ten per cent. per annum. We think it necessarily follows that the contractual rate of interest is denounced as being usurious when it exceeds ten per cent. per annum. The Constitution does not here, as it did before its amendment, undertake to separate the excess from the lawful rate, but declares the contract unlawful by reason of the fact that it calls for the payment of a rate in excess of that permitted. The vice of usury permeates the contract and taints the entire rate of interest, even if it does not go farther. But the latter question is not here involved, and we do not intend to express an opinion on it. Under the decisions of this State prior to the Act of 1907 amending Art. 3106, it was held that double all of the interest received and collected under a written contract providing for a rate in excess of ten per cent. per annum might be recovered in suits for the penalty. Boerner v. Traders Nat. Bank, 90 Texas, 443, 39 S. W., 285; Smith v. Chilton, 90 Texas, 447, 39 S. W. 287. That construction of the statute had become settled and was the accepted law at the time the Act of 1907 was passed. Had the Legislature entertained a purpose to limit the right of recovery in future to double the excess only it would certainly have used language conveying that meaning, and about the construction of which there could have been no reasonable grounds for controversy. Especially do we think this would have been the case when its accomplishment was within easy reach by the use of simple words to that effect after the judicial construction theretofore given the article. There was nothing in this amended article which implied a purpose on the part of the Legislature to relieve the condition of those who might violate the usury law. On the contrary, it removed the restrictions theretofore limiting the meaning to be given the words "usurious interest," made the penalty applicable to all contracts, whether written or verbal, which provided for a rate in excess of that permitted by law, and adjusted the venue of actions for penalties to suit the greater convenience of those who wished to bring such suits. All this indicated a fixed purpose to increase rather than to ameliorate the rigors of the law upon this subject. It is also significant that Art. 3104, which provided for a forfeiture of all interest stipulated in written contracts where the rate exceeded that permitted by law, was left in full force. It rarely happens in usurious contracts that the excess charged over ten per cent. per annum is such that double its amount would equal the entire interest stipulated in the contract. It would charge the Legislature with a strange inconsistency, or an unaccountable oversight, to hold that it intended to limit the sum that might be recovered in a penal action to less than that which is expressly forfeited under a plea of usury. There would

be no occasion to confer the right to maintain such an action unless the purpose be to add something to an existing remedy.

It has uniformly been held by our Supreme Court that when a contract stipulates for a rate of interest in excess of ten percent per annum all interest payments will, upon a final settlement, be applied to the extinguishment of the principal of the debt. Interstate Bldg. & L. Assn. v. Biering, 86 Texas, 476, 25 S. W., 622; Western Bank & T. Co. v. Ogden, 42 Texas Civ. App., 465, 93 S. W. 1102. This is permitted upon the ground that the contract for the interest is in violation of law and can not be enforced. In other words, the entire interest contracted for is usurious. We therefore hold that the rate of interest contracted and paid was usurious, and double that sum could be recovered. Galveston G. & H. Inv. Co. v. Grymes, 94 Texas, 609, 63 S. W., 860; Peoples Bld. L. & S. Assn. v. Keller, 20 Texas Civ. App., 616, 50 S. W., 186; Smith v. First Nat. Bank of Crete, 42 Neb., 687, 60 N. W., 866; Watt v. First Nat. Bank, 76 Minn., 458, 79 N. W., 509; Waldner v. Bowden State Bank, 13 N. D., 604; 3 Amer. & Eng. Ann. Cases, 847, and notes.

Appellant insists that the contracts under which the various amounts of interest were paid were verbal, were never put in writing, and that being shown by the evidence there was error in rendering judgment against him for the full sum sued for. According to the testimony of appellee, Daniels, he had an arrangement with the appellant, Baum, for the latter to let him have money along as he needed it and for which he was to pay Baum eighteen per cent. per annum. When he needed money he went to Baum for it, and Baum wrote out the notes, which Daniels signed, and he would then give Daniels either the money or a check upon some bank for it. The interest was invariably taken out by Baum in advance. Daniels always, so he says, paid Baum the interest before he got any of the money. He thus testifies: "I always paid the interest in advance out of the money I got from him; sometimes he would take it out himself. If he did not take it out I gave him the money when I cashed the check. At the various and sundry times I went to see Baum for money the amount of interest was not discussed between us; that had all been mentioned to start with." Baum denied having any general understanding with Daniels about the rate of interest he was to receive. He testified: "All my transactions with Daniels were in writing. When he got any money from me I took his note calling for ten per cent., and he paid me eight per cent. on a verbal contract afterward. There was no contract by which he was to pay me eighteen per cent. per annum." Again, he says: "Each transaction came up by itself. For instance, when the man came to me he was hard up and wanted two or three hundred dollars, or five hundred dollars, whatever it might be. I would ask him how much he wanted and how long, and he would tell me, and I would write out a note for the amount, bearing ten per cent., and of course I charged eight per cent. extra. I did that under a verbal contract or agreement." This was as near as Baum ever came to testifying as to any specific verbal contract upon which he made his usurious loans. The notes which he took from Daniels were offered in evidence, and all of them showed that they bore interest

at ten per cent. from maturity. This is in substantial contradiction of Baum's statement that the notes provided for ten per cent. and that eight per cent. was paid extra, and supports Daniels' statements that the interest was paid in advance. Baum admitted that this agreement with Daniels to pay him interest at the rate of eighteen per cent. was made before the notes were signed or the checks written. The practical effect of the transactions between the parties was that Daniels gave his note for eighteen per cent. more than he actually received in money when the loan was made, and the stipulation for interest was ten per cent. from the maturity of the notes. This conclusion, we think, is amply supported by the testimony of Baum himself. The device resorted to was too plain and obvious to require a submission of the issue to the jury, and the court would have committed no error had he given a peremptory instruction in favor of the plaintiff in the case.

We think, however, that there was error in that portion of the court's charge where he directed the jury, should they find in favor of the appellee, to include interest upon the amount which they found, at the rate of six per cent. per annum from the date suit was filed, October 30, 1905. The statute giving the remedy upon which this suit was based is to an extent penal in its nature, and by its terms fixes the sum that may be recovered at double the usurious interest collected. No interest can be recovered on penalties in the absence of some statutory provision to that effect. McCreary v. Morristown Nat. Bank, 109 Tenn., 134, 70 S. W., 821; Newton First Nat. Bank v. Turner, 3 Kans. App., 352, 42 Pac. 936; Higley v. Beverly First Nat. Bank, 26 Ohio St., 75. The rule is otherwise after the judgment is rendered. In this State all judgments bear interest from the date of rendition. Rev. Civ. Stat., art. 3105. This also seems to be the rule in other jurisdictions. 22 Cyc., p. 1520. Notwithstanding the fact that the penalties generally have for their purpose the infliction of some punishment upon the wrong-doer, still an action for its recovery is a civil suit, and the judgment rendered is a civil recovery and not a conviction for a crime. In the civil action for a penalty punishment of the offender is not the sole object sought to be accomplished. Compensation to an aggrieved party may and does frequently form a part of the purpose of the statute. For that reason judgments rendered in such cases fall within the class of those upon which the statute allows interest.

It is true that one who pays a usurious rate of interest may, in the absence of any statutory provision, maintain a suit to recover the excess over the legal rate; and he may also recover interest on the amount so paid from the date of payment. Bexar Bldg. Assn. v. Robinson, 78 Texas, 163, 14 S. W., 227. But the statutory remedy here given includes this interest on the excess, and more; and when the aggrieved party elects to pursue the statutory remedy his recovery must be limited to the statutory measure. The error committed, however, can be cured by a reformation of the judgment, and will not necessitate a reversal and remand of the case. The judgment of the District Court will therefore be so reformed as to award a recovery in favor of the appellee for the sum of $873.60 with interest

thereon at the rate of six per cent. per annum from the date of the judgment in the trial court and all costs incurred in the trial court. The costs of this appeal are adjudged against the appellee.

*Reformed and affirmed.*