## ARDMORE STATE BANK v. THOMPSON.

No. 6667.   Opinion Filed February 29, 1916.

Rehearing Denied May 8, 1916.

(164 Pac. 977.)

1.   **USURY—Rate of Interest—Recovery—Statute.** Section 1004, Rev. Laws 1910, provides that by contract parties may agree upon any rate of interest not to exceed 10 per cent. per annum; therefore, where by contract the borrower agrees to pay and the lender agrees to take a sum in excess of 10 per cent. per annum, and where such excessive amount has been paid, the contract is usurious as defined by section 1005, Rev. Laws 1910, and the party paying such usurious interest may recover in a proper action twice the amount of the entire interest so paid, as usury, instead of twice the amount of the interest paid over and above the rate allowed by law.

2.   **SAME—Request for Return of Interest—Amount.** When the contract is usurious as above set forth, and the borrower makes

a written demand requesting the return of the whole interest so paid, instead of twice the interest paid over and above the rate allowed by law, such borrower is within his rights.

(Syllabus by Watts, C.)

*Error from County Court, Carter County;*
*W. F. Freeman, Judge.*

Action by E. H. Thompson against the Ardmore State Bank. Judgment for plaintiff, and defendant brings error. Affirmed.

*Johnson & McGill,* for plaintiff in error.

*Fred C. Ryburn* and *Kelly Brown,* for defendant in error.

Opinion by WATTS, C. Plaintiff in error appeals from a judgment of the county court of Carter county wherein it was held to pay $120 and attorney's fee of $50, because it had charged and collected $60, which was more than the lawful rate of interest for the time a loan ran.

The parties do not differ as to the facts, but the law is the bone of contention. After payment of the principal and the interest mentioned, and on January —, 1913, defendant in error served the following notice on plaintiff in error:

"To the Ardmore State Bank, Ardmore, Oklahoma— Gentlemen: I herewith make demand of you for the return to me of the sum of $60.00 paid by me as interest on a certain note executed by me, and in your favor, bearing date of January 10, 1911, for the sum of $300.00, numbered 4439, and which was paid by me and taken up on the 17th day of January, 1912.

"You are hereby notified that a failure on your part to return to me the interest so paid by me on said note,

that I will proceed against you under the statutes of Oklahoma relating to usury"

—with which it refused to comply.

Rev. Laws 1910 provide:

"Sec. 1004. *Legal and Contract Rates of Interest.*— The legal rate of interest shall not exceed six per cent., in the absence of any contract as to the rate of interest, and by contract parties may agree upon any rate not to exceed ten per cent. per annum. Said rates of six and ten per cent. shall be respectively the legal rate and the maximum contract rates of interest.

"Sec. 1005. *Actions to Recover Forfeiture.*—The taking, receiving, reserving or charging a rate of interest greater than is allowed by the preceding section shall be deemed a forfeiture of twice the amount of interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case a greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover from the person, firm or corporation taking or receiving same, in an action in the nature of an action of debt, twice the amount of the interest so paid: Provided, such action shall be brought within two years after the maturity of such usurious contract: Provided, further, that before any suit can be brought to recover such usurious interest, the party bringing such suit must make written demand for return of such usury.

"Sec. 1006. *Attorney's Fee.*—In all cases where an action is brought by any person to recover the penalty prescribed by the preceding section the prevailing party in such action shall be entitled to recover, as part of the costs, a judgment against the other party to such action for a reasonable attorney's fees in a sum not less than ten dollars, to be fixed by the court, for the use and benefit of the attorney of record of the prevailing party, together with all costs."

We think with one exception (the last proviso of section 1005) our statute is very similar to those of most of the states, as well as the statute of the United States. Rev. St. sec. 5198; U. S. Comp. St. 1901, p. 3493. We find minor changes here and there, but the object of all is a declared policy against "taking  *  *  *  or  *  *  * charging" usury, and a penalty therefor. Section 1004, *supra*, uses the words "legal rate of interest shall not exceed." The first sentence of section 1005 uses the words "rate of interest greater than is allowed by the preceding section." . The second sentence in section 1005 uses the words "in case a greater rate of interest has been paid," "receiving same," and "interest so paid," while the last proviso in said section uses the words "such usurious interest" and "such usury," all of which, we think, are used synonymously and have the same interchanged meaning.

In order to reduce the section to simplicity, preserving, however, its meaning, as applicable to the facts in the instant case, eliminating so much of section 1005 as is surplusage, we quote: ·

"The taking  *  *  *  a rate of interest greater than is allowed  *  *  *  shall be deemed a forfeiture of twice the amount of interest  *  *  *  paid thereon.

"In case a greater rate of interest has been paid, the person  *  *  *  may recover from the person  *  *  * receiving same,  *  *  *  twice the amount of the interest so paid;  *  *  *  Provided  *  *  *  before any suit can be brought to recover such usurious interest, the party  *  *  *  must make written demand for return of such usury."

But, as above pointed out, it can be seen that the words quoted may be transposed to other parts of the sec-

tion and with but little or no change read therein effectively.

Eliminating the last proviso, which we have not found in any other statute, most of the states, as well as the Supreme Court of the United States *(Farmers' & Merchants' Nat. Bank v. Dearing,* 91 U. S. 29, 23 L. Ed. 196; *Citizens' Nat. Bank v. Donnell,* 195 U. S. 369, 25 Sup. Ct. Rep. 49, 49 L. Ed. 238), are in harmony. For instance, in *Waldner v. Bowden State Bank,* 13 N. D. 606, 102 N. W. 169, 3 Ann. Cas. 847:

"Error is also assigned on the charge of the court in respect to the amount recoverable when usurious payments have been accepted. The rule was given to the jury that twice all sums paid as interest were recoverable, if the transaction was tainted with usury. Defendant claims that twice the interest paid over and above the rate allowed by law can only be recovered back. A determination of this question requires a construction of our Code bearing upon the rate of interest allowed and the recovery of sums paid as interest when exceeding the sum allowed by law. Section 4064, Rev. Codes 1899, reads as follows: 'No person, firm, company or corporation shall directly or indirectly take, or receive, or agree to take or receive in money, goods or things in action or in any other way any greater sum or any greater value for the loan or forbearance of money, goods or things in action than twelve per cent. per annum; and in the computation of interest the same shall not be compounded. Any violation of this section shall be deemed usury: Provided, that any contract to pay interest not usurious on interest overdue shall not be deemed usury.' Section 4066, Rev. Codes 1899, reads: 'The taking, receiving, reserving or charging a rate of interest greater than is allowed by section 4064, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it or which has been agreed to be paid thereon.

In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back in an action for that purpose twice the amount of interest thus paid from the person taking or receiving the same; provided, that such action is commenced within two years from the time the usurious transaction occurred.' The latter section provides for a penalty for usurious transactions under two independent conditions: (1) When usury rests in contract, and has only been charged; (2) when it has been paid. In cases where usury has been charged and not paid, and the usurer brings an action upon his contract, the illegality of the contract may be alleged as a defense, and, if proven, the entire interest due upon the contract becomes forfeited, and no recovery can be had upon the contract, except as to the principal sum loaned. In cases where the usury has been paid, and it is sought to recover back the sum paid as interest, a more difficult question is presented, as the meaning of the statute is not clear. By construing section 4066 in its entirety, we think the legislative intention was that all sums paid as interest, whether within or beyond the provisions of the statute, are recoverable in double the sums paid. It does not seem reasonable that the intention of the Legislature was that all interest was forfeited when it rests in contract merely, and that the illegal part only is forfeited if the debtor has paid the whole sum contracted to be paid as interest. The words 'the amount of interest thus paid' refer to the 'greater rate,' which includes a legal and an illegal rate, and they include the same sums as are included in the words 'the entire interest,' in the first part of the section. When recovery is allowed for the sum paid as a 'greater rate,' it includes a recovery for the whole sum paid, whether legal or illegal, and is the same as the entire interest contracted to be paid. Such is the construction generally given to statutory provisions identical or similar to section 4066 in other states, and this seems to us correct, although some cases hold to the contrary. The following cases sustain the con-

struction which we have given to the statute: *Lebanon National Bank v. Karmany,* 98 Pa. 65; *National Bank v. Trimble,* 40 Ohio St. 629; *Smith v. First National Bank,* 42 Neb. 687, 60 N. W. 866; *Bank v. McInturff,* 3 Kan. App. 536, 43 Pac. 839; *National Bank v. Bollong,* 28 Neb. 684, 45 N. W. 164; *Colgin v. Bank,* 16 Tex. Civ. App. 346, 40 S. W. 634; *Watt v. First National Bank,* 76 Minn. 458, 79 N. W. 509; *Henderson National Bank v. Alves,* 91 Ky. 143, 15 S. W. 132; *Louisville Trust Co. v. Kentucky National Bank* (C. C.) 87 Fed. 143, and Id. (C. C.) 102 Fed. 442; *Hill v. National Bank* (C. C.) 15 Fed. 432."

In light of the above cases, we do not think the court erred in holding that the defendant in error was entitled to recover twice the amount of the entire interest so paid instead of twice the amount of the interest paid over and above the rate allowed by law.

2.   Plaintiff in error finds fault with the notice served on him and says:

"It will be seen that defendant in error did not make a demand for the return of the usury before bringing his action, but that, instead, he made a demand for the return of the whole interest paid."

But, as above pointed out, the words "usury" and "whole interest paid" are used synonymously, equal to the same thing, and therefore equal to each other.   We think the proviso requiring written demand before bringing suit was in a measure to relieve the person taking or charging the usurious interest by permitting him on demand in writing to return the whole interest collected and thereby save himself from twice the amount and an additional attorney's fee as a penalty, but as plaintiff in error did not take advantage of the option given by the law, he must suffer that which plainly follows.

After the borrower has done what the law requires and the lender does not act accordingly, the hardship must be borne as additional punishment for the violation.

We therefore hold that the defendant in error was within his rights in his written demand requesting the return of the whole interest so paid, instead of twice the interest paid over and above the rate allowed by law.

The judgment should be affirmed.

By the Court: It is so ordered.