## WEATHERLY v. BRISTOW.

No. 6096. Opinion Filed March 7, 1916.

Rehearing Denied March 21, 1916.

(164 Pac. 979.)

1. **USURY—Rate of Interest—Recovery—Statute.** Section 1004, Rev. Laws 1910, provides that by contract parties may agree upon any rate of interest not to exceed 10 per cent. per annum; therefore, where by contract the borrower agrees to pay and the lender agrees to take a sum in excess of 10 per cent. per annum, and where such excessive amount has been paid, the contract is usurious as defined by section 1005, Rev. Laws 1910, and the party paying such usurious interest may recover in a proper action twice the amount of the entire interest so paid, as usury, instead of twice the amount of the interest paid, over and above the rate allowed by law.

2. **SAME—Request for Return of Interest.** When the contract is usurious as above set forth, and the borrower makes a written demand requesting the return of the whole interest so paid, instead of twice the interest paid, over and above the rate allowed by law, such borrower is within his rights.

(Syllabus s me as in **Ardmore State Bank v. E. H. Thompson,** 57 Okla.—, 164 Pac. 977.)

(Syllabus by Rittenhouse, C.)

*Error from Superior Court, Garfield County;*
*Dan Huett, Judge.*

Action by Carrie Bristow against E. B. Weatherly. Judgment for plaintiff, and defendant brings error. Affirmed.

*John F. Curran,* for plaintiff in error.

*A. L. Zinser,* for defendant in error.

Opinion by RITTENHOUSE, C. It is contended that a written demand for the return of usury, as condition precedent to the commencement of an action under section 1005, Rev. Laws 1910, should be for the return of the amount of interest received in excess of the legal rate, and

not for the whole interest received. Subsequent to the filing of briefs, the case of *Ardmore State Bank v. E. H. Thompson,* 57 Okla. —, 164 Pac. 977, w̨as decided adversely to this contention.

The judgment should therefore be affirmed.

By the Court: It is so ordered.